**TOPGALLANT GROUP, INC., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

Civ. A No. 88–2784.

United States District Court, District of Columbia.

Dec. 8, 1988.

Joseph A. Klausner, Patton, Boggs & Blow, Washington, D.C., for plaintiff.

John C. Cleary, Asst. U.S. Atty., Washington, D.C., for defendants.

John M. Nannes, Skadden, Arps, Slate, Meagher & Flom, Washington, D.C., for intervenor, Sea–Land, Inc.

MEMORANDUM AND ORDER

REVERCOMB, District Judge.

■ This case is before the Court on cross-motions for summary judgment. Plaintiff protests the action of the Military Sealift Command ("MSC") lifting a stay suspending contract performance with Sea–Land Service, Inc. pending resolution of a complaint filed by plaintiff pursuant to the Competition in Contracting Act of 1984 ("CICA"). Because the Court finds that the MSC's decision to invoke the statutory exemption to the CICA is "committed to agency discretion by law" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2) as interpreted in the highly deferential manner required by *Webster v. Doe*, —— U.S. ——, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988), the Court concludes that judicial review of the MSC's finding is inappropriate. Therefore, the defendant's motion for summary judgment will be granted.

On August 24, 1988, the plaintiff filed a protest with the GAO against intervenor Sea–Land's contract with the MSC, a contract governing shipment of goods to military personnel stationed abroad. The protest was filed pursuant to CICA. On September 14, 1988, the MSC notified Sea–Land that it was suspending its contract for shipping on the Western Europe and Mediterranean routes pending a final decision from the GAO on Topgallant's protest. Subsequently, the MSC determined that other carriers could not meet the military's

transportation needs, and lifted the suspension as of September 23. After denying the plaintiff's motion for a Temporary Restraining Order to stop resumption of service by Sea–Land, this Court directed the parties to file motions for summary judgment.

Upon consideration of the motions, the Court finds that the MSC decision to lift the suspension of the Sea–Land contract is not subject to judicial review. The Administrative Procedure Act bars judicial review of "agency action . . . committed to agency discretion by law." 5 U.S.C. § 701(a)(2). The Court finds that the MSC's decision was based upon a discretionary determination of the best interests of the United States, and as such, is not reviewable in this Court.

The decision of the MSC is an example of a type of decision which has been traditionally exempt from judicial review. *Department of Navy v. Egan*, 484 U.S. 518, 108 S.Ct. 818, 825, 98 L.Ed.2d 918 (1988). Procurement decisions based on military considerations are not subject to review in the courts in the absence of gross impropriety, fraud, or bad faith. *See Curran v. Laird*, 420 F.2d 122 (D.C.Cir.1969) (en banc); *American Federation of Government Employees v. Brown*, 680 F.2d 722 (11th Cir.1982), *cert. denied*, 459 U.S. 1104, 103 S.Ct. 728, 74 L.Ed.2d 952 (1983). As the District of Columbia Circuit noted in *Curran v. Laird*, decisions of this type are not subject to judicial review for mere error in the exercise of discretion, because such review would impair necessary flexibility in the management of defense resources and would involve the judiciary in the consideration of issues which lie outside the "judicial domain in terms of aptitude, facilities, and responsibility." 420 F.2d at 129.

The MSC's decision was based on a finding that lifting the suspension of Sea–Land's contract was "in the best interest of the United States" pursuant to Section 3553(d)(2)(A)(i) of CICA. MSC determined that a failure to use Sea–Land for shipping would "impair the military preparedness of the U.S., as well as the quality of life of military personnel." The MSC found that

using alternative shippers, including the use of Sea–Land outside the terms of its contract, *i.e.*, at Sea–Land's commercial tariff rates, "would create a severe traffic management problem" which would "affect the timely processing and movement of all DOD cargo," thereby increasing costs. The MSC concluded that lifting the suspension was an "operational necessity."

Military determinations based on a statutorily created procedure for making a discretionary finding that a given course of action would be "in the best interest of the United States" are not subject to judicial review in the absence of gross impropriety, bad faith, fraud, or conscious wrongdoing of a type sufficient to undercut the presumption that the personnel involved have been genuinely acting as government officials. *Curran v. Laird*, 420 F.2d at 131.

In *Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), the Supreme Court stated that

[E]ven where Congress has not affirmatively precluded review, review is not to be had if that statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion. In such a case, the statute ("law") can be taken to have "committed" the decisionmaking to the agency's judgment absolutely.

*Id.* 105 S.Ct. at 1655.

In *Heckler v. Chaney*, the Supreme Court emphasized that the analysis of whether a question is "committed to agency discretion by law" must be based on an examination of the statute on which the claim of agency illegality is based. The Court finds that the CICA statute under which the MSC made its determination requires the kind of deference shown by the Supreme Court in *Webster v. Doe* for statutory provisions which leave the determination of what is in the best interest of the United States to the discretion and expertise of the military and national security agencies. If this Court were to attempt to review the MSC's decision there would be "no law to apply" to determine what constitutes the "best interest of the United States." *See Webster v. Doe*, 108 S.Ct. at

2051. Pursuant to the Administrative Procedure Act, 5 U.S.C. § 701(a)(2), the Court finds that the decision of the MSC was committed to MSC discretion by law, and is not subject to review.

Therefore, it is hereby ORDERED pursuant to this memorandum that summary judgment is entered for the defendant.