**CINCOM SYSTEMS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Western Data Systems, Third Party Intervenor.**

**No. 97–72C.**

United States Court of Federal Claims.

Feb. 13, 1997.

Carl J. Peckinpaugh, Washington, DC, for plaintiff. Winston & Strawn; Eric J. Marcotte, of counsel.

Elizabeth M. Hosford, Department of Justice, Washington, DC, with whom was Assistant Attorney General Frank W. Hunger, for defendant. David M. Cohen, Director; Kirk T. Manhardt, Assistant Director; and Johnny L. Litman, III, U.S. Marine Corps Logistics Base, of counsel.

Kenneth B. Weckstein, Washington, DC, for third-party intervenor. Epstein, Becker & Green, P.C.; Shlomo D. Katz, of counsel.

### OPINION AND ORDER

FUTEY, Judge.

This matter is presently before the court on plaintiff's application for a temporary restraining order and motion for a preliminary injunction brought pursuant to 28 U.S.C. § 1491(b) (1994), *as amended by* Administrative Dispute Resolution Act of 1996, Pub.L. No. 104–320, 110 Stat. 3870, 3874–74 (1996). Plaintiff, a disappointed bidder, seeks to enjoin defendant from proceeding with the performance of a contract awarded to intervenor, Western Data Systems (WDS), under Solicitation No. M67004–96–R–0006. In its motion to dismiss and opposition to plaintiff's application for a temporary restraining order and motion for a preliminary injunction, defendant argues that such relief should not issue.[1]

### *Factual Background*

On April 9, 1996, defendant issued a solicitation for commercial off-the-shelf Manufacturing Resource Planning software (MRP II) for use in reparables management at Department of Defense maintenance depots. In response to defendant's solicitation, plaintiff submitted a proposal contemplating a single server configuration in order to implement its solution. Subsequently, defendant requested additional information from plaintiff. In answering that request, plaintiff indicated that two additional software packages, Oracle Distributed Database Option and Oracle Parallel Query Option (Oracle software), would be required if defendant chose to utilize multiple servers. Prior to contract award, defendant determined that plaintiff's solution required the additional Oracle software. Accordingly, defendant adjusted plaintiff's proposal by adding the cost of the Oracle software. Defendant determined that WDS offered the best value to defendant, and, on September 27, 1996, awarded the contract to WDS.

Plaintiff filed a bid protest with the General Accounting Office (GAO) on October 11, 1996, claiming defendant erroneously deter-

---

1. Defendant argues, in the alternative, that plaintiff's complaint should be dismissed because plaintiff is not a proper party in interest in this case. The arguments raised regarding plaintiff's standing will be considered in the parties' cross-motions for summary judgment, which are to be filed by February 19, 1997.

mined that multiple servers were required with regard to plaintiff's proposal, and therefore, improperly added the cost of the Oracle software to its proposal. On January 21, 1997, the GAO denied plaintiff's protest. Plaintiff filed its complaint in this court on January 31, 1997. Plaintiff also filed an application for a temporary restraining order and motion for a preliminary injunction on that date. On February 10, 1997, the court heard oral argument on plaintiff's application for injunctive relief.

## Discussion

■ In determining whether to grant an application for a temporary restraining order, the court applies a four-part standard. *See Magnavox Elec. Sys., Co. v. United States,* 26 Cl.Ct. 1373, 1378 (1992) (citing *Zenith Radio Corp. v. United States,* 710 F.2d 806, 809 (Fed.Cir.1983)); *see also PNM Constr., Inc. v. United States,* 13 Cl.Ct. 745, 747 (1987). Under this standard, plaintiff must affirmatively demonstrate that: (1) plaintiff will suffer a specific irreparable injury if performance is not enjoined; (2) plaintiff is likely to succeed on the merits of its claim; (3) the harm to plaintiff outweighs any harm to defendant; and (4) granting the requested relief serves the public interest. *Magnavox,* 26 Cl.Ct. at 1378. Plaintiff must demonstrate that it is entitled to injunctive relief by clear and convincing evidence. *Baird Corp. v. United States,* 1 Cl.Ct. 662, 664 (1983). Because plaintiff cannot satisfy this burden, its application for injunctive relief must be denied.

### A. *Irreparable Harm*

■ Plaintiff claims it will be irreparably harmed if a temporary restraining order does not issue, asserting that, absent an injunction, it will be forever deprived of the opportunity to participate in this procure-

ment. Performance on the subject contract, however, is still in its early stages. WDS indicates it is currently on site at only one of the eighteen sites contemplated in the contract. Further, defendant noted at oral argument that, should plaintiff ultimately prevail on the merits of its claim, "[plaintiff] could be substituted for WDS." [2] *See Magellan Corp. v. United States,* 27 Fed.Cl. 446, 448 (1993) (noting that a plaintiff is not irreparably harmed if it will have other opportunities to supply its product). Based on these arguments and the record before the court, the court determines that any harm which may inure to plaintiff by a denial of its application would not be irreparable.[3] Also, the court has established an expedited schedule to address the merits of plaintiff's claim, with oral argument scheduled for February 27, 1997. The imposition of this schedule further diminishes the potential for irreparable harm to plaintiff. *Cubic Applications, Inc. v. United States,* No. 97–29C, slip op. at 2 (Fed.Cl. Jan. 17, 1997).

### B. *Likelihood of Success on the Merits*

■ Although plaintiff has demonstrated that its success on the merits of its claim "may be possible," plaintiff, at this time, has not shown that such success is "likely." *See id.* In reaching this conclusion, the court is mindful of the heavy burden placed on plaintiff, as well as the existence of a GAO decision unfavorable to plaintiff, to which the court should give due deference. *See Honeywell, Inc. v. United States,* 870 F.2d 644, 648 (Fed.Cir.1989). In addition, defendant's and WDS' contention that plaintiff is not a proper party in interest further clouds the likelihood of plaintiff's success on the merits.[4]

### C. *Balance of Harms*

■ Plaintiff contends any harm that injunctive relief may cause defendant is less

---

2. Transcript at 85.

3. This case is distinguishable from *Honeywell, Inc. v. United States,* 16 Cl.Ct. 173, 181, *rev'd,* 870 F.2d 644 (Fed.Cir.1989). In *Honeywell,* the court found that, absent an injunction, the plaintiff would be irreparably harmed because it would be unable to derive the profits from the *entire* contract. (Emphasis added).

4. Initial screening criteria required offerors to be capable of operating on the Sun Sparc 2000 platform server. At the time plaintiff submitted its proposal, plaintiff was not capable of operating on this system. Plaintiff, however, informed defendant that it would have this capability by September 30, 1996, the award date provided in the solicitation. The parties dispute whether plaintiff achieved this capability by that date.

significant than the harm plaintiff will suffer if its application is denied and the protest is ultimately sustained. In weighing the possible harms in the present case, the court must consider the interest of national defense. 28 U.S.C. § 1491(a)(3) (1994); *see Rockwell Int'l Corp. v. United States,* 4 Cl.Ct. 1, 6 (1983) (indicating that injunctive relief should be denied when concerns for the interests of national defense and national security are raised). Defendant has adequately demonstrated that the MRP II system, which is the subject of the contract at issue, will help ensure that our armed services will have the capability to efficiently maintain weapons and equipment in good working order.[5] Given the importance of military preparedness to the national defense, the balance of harms tips in defendant's favor.

### D. *Public Interest*

It is axiomatic that the public has an interest in honest, open, and fair competition in the procurement process. Whenever a plaintiff is improperly excluded from that process, that interest is compromised. *Magellan Corp.,* 27 Fed.Cl. at 448. Conversely, a procuring agency should be able to conduct procurements expeditiously and with minimal

judicial encroachment upon an agency's discretion. *Id.* Public interest, however, militates against awarding injunctive relief when national defense and national security interests are concerned. *Southwest Marine, Inc. v. United States,* 3 Cl.Ct. 611, 613 (1983). Thus, plaintiff has not demonstrated that granting the requested relief will serve the public interest.

### *Conclusion*

For the above-stated reasons, the court determines that plaintiff has not demonstrated, by clear and convincing evidence, that it has met its burden under the four-part standard applied by the court. *See Baird,* 1 Cl.Ct. at 664. Accordingly, plaintiff's application for a temporary restraining order and motion for a preliminary injunction is denied.

IT IS SO ORDERED.

---

5. Affidavit of Steven C. Hannaford, Defendant's Motion to Dismiss and Opposition to Plaintiff's Application for a Temporary Restraining Order and Motion for Preliminary Injunction, App. at 2.

By agreement of the parties, the submissions to the court are under a Protective Order. These materials are kept under seal by the Clerk of the Court.