SDS INTERNATIONAL, INC., Plaintiff,

v.

The UNITED STATES, Defendant,

and

CBD Training, Inc., Intervenor.

No. 03–214C.

United States Court of Federal Claims.

Feb. 6, 2003.

Barbara S. Kinosky, McLean, Virginia, attorney of record for plaintiff and James S. DelSordo, of counsel, Manassas, Virginia.

Wanda Rubianes–Collazo, Department of Justice, Washington, D.C., with whom was Assistant Attorney General Robert D. McCallum, Jr., for defendant. David M. Cohen, Director, and Todd M. Hughes, Assistant Director.

Michael A. Gordon, Rockville, Maryland, attorney of record for intervenor, CBD Training, Inc.

### ORDER

FUTEY, Judge.

This case comes before the court on plaintiff SDS International, Inc.'s (SDS) request for a temporary restraining order (TRO). SDS seeks to enjoin the performance of Contract No. 44650–02–C–0023, awarded by the United States Department of the Air Force (USAF) to CBD Training, Inc. (CBD), the intervenor in this action. The TRO request arises out of a second bid protest filed by plaintiff at the General Accounting Office (GAO) on January 17, 2003, related to the contract. The GAO has up to 100 days by statute to decide the protest.[1] Plaintiff is the incumbent contractor, however, and its contract was due to expire on January 31, 2003. In its pleadings plaintiff alleged that it would be substantially harmed[2] if intervenor were permitted to begin work on the new contract before the GAO's decision. Oral arguments were heard on January 31, 2003. At the conclusion of the hearing, the court issued a bench ruling denying the TRO. This order expands on the bench ruling.

### Factual Background

The contract involves training at the USAF's Weapons School at Nellis Air Force Base in Nevada (Weapons School). The Weapons School has been described by both parties as a "top-gun" "graduate school" for the "cream-of-the-crop" among USAF aircrew. Graduates of the Weapons School go on to train other aircrew members throughout the USAF.

The USAF issued a solicitation for the contract on April 3, 2002. The contract was awarded to CBD on August 13, 2002, which SDS protested to the GAO. The GAO upheld SDS's protest on December 2, 2002, ordering the USAF to conduct a new evaluation of the award. The USAF did so and again awarded the contract to CBD. SDS has responded with the above-mentioned second protest related to the TRO request.

The merits of the bid protest are not at issue. Once a bid protest is filed at the GAO, however, an automatic stay is imposed on the contract. Such a stay may be overridden pursuant to 31 U.S.C. § 3553 and Federal Acquisition Regulations System (FAR) § 33.104(c)(2)(i) when the head of procuring activity finds it to be "in the best interests of the United States." On January 27, 2003, Four Star General Hal M. Hornburg, the commander of the USAF's Air Combat Command, Langley Air Force Base located in Virginia, made such a determination. The decision overrides the stay and permits CBD to begin work on the new contract on February 1, 2003.

The only issues before the court are 1) whether the Commander's determination is in error and 2) whether the drastic measure of a TRO is necessary to obtain an effective remedy should the GAO decide in plaintiff's favor on the merits of the bid protest.

### Discussion

I. Best Interests of the United States Standard

■ The United States Court of Federal Claims has jurisdiction to consider the propriety of an agency decision to override an automatic stay. *RAMCOR Servs. Group, Inc. v. United States*, 185 F.3d 1286, 1291 (Fed.Cir.1999). Two alternative standards have been applied in past cases involving the reversal of an agency override of automatic stays.

---

1. 4 C.F.R. § 21.9(a) (2001).

2. At oral argument plaintiff asserted that it would be irreparably harmed.

█ It has been held that reversal of the agency decision should only occur where such a decision is shown to have been made with "gross impropriety, bad faith, fraud, or conscious wrong doing . . . ." *Topgallant Group, Inc. v. United States,* 704 F.Supp. 265, 266 (D.D.C.1988) (quoting *Curran v. Laird,* 420 F.2d 122, 131 (D.C.Cir.1969)). Further, such a determination should be made upon clear and convincing evidence, which is the "standard most closely approximat[ing] the language traditionally used to describe the burden for negating the good faith presumption . . . ." *Am–Pro Protective Agency, Inc. v. United States,* 281 F.3d 1234, 1239 (Fed.Cir. 2002).

█ Alternatively, the Administrative Procedure Act, 5 U.S.C. § 706(2)—(2)(A), provides that a reviewing court must "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." As applied in government procurement cases, however, this standard is even more limited. The agency decision should not be overturned unless it is found "(1) that the decision of the procurement official had no rational basis, or (2) that the decision involved a clear and prejudicial violation . . . ." *Dairy Maid Dairy, Inc. v. United States,* 837 F.Supp. 1370, 1377 (E.D.Va.1993) (citations omitted). Where a finding is made that "performance of the contract is in the best interests of the United States[,]" however, it has been held "not susceptible to judicial review because it constitutes an agency action that is committed to agency discretion by law." *Id.* at 1378 n. 1 (citing *Topgallant,* 704 F.Supp. at 266).

█ Under either standard the court must defer to the agency decision. The USAF has found that performance of the contract is in the best interest of the United States. Commander Hornburg has provided written notification as required by FAR § 33.104 and

findings have been offered as justification for the decision.[3] The court cannot say that the USAF's decision to override the automatic stay was without rational basis, nor has plaintiff presented clear and convincing evidence to rebut the presumption that the agency has acted in good faith.

## II. TRO Standards

█ Injunctive relief should be granted to a disappointed bidder only where it can demonstrate "in addition to success on the merits, that (1) granting injunctive relief is in the public interest, and (2) the plaintiff will be irreparably injured without such relief."[4] Such injury must be shown in specific terms and it must also be shown that the harm to SDS outweighs any harm to the United States. See *Cincom Systems, Inc. v. United States,* 37 Fed.Cl. 266, 268 (1997).

█ Plaintiff's principal claim offered at the hearing is that once its contract expires and intervenor begins work, defendant "will never get back on that base again."[5] Plaintiff alleges that if "in 90–days the GAO sustains SDS's protest, the Government can ignore the GAO's recommendation and continue performance by CBD."[6] In other words, plaintiff fears that even if it should be successful in its bid protest at the GAO, the USAF will disregard the GAO's order or otherwise act in bad faith in its execution.

The court holds that such an allegation does not rise to the demonstration of specific irreparable injury of a type necessary to grant plaintiff's motion for a TRO. In addition, it has been affirmatively alleged by defendant that enjoining performance of intervenor's contract will cause serious harm to the United States. The USAF's written finding justifying the override of the stay states that the "Air Force mission depends on immediate and continued support of the

---

**3.** Defendant's Opposition To Application For TRO (Def.'s Opp'n), Appendix (App.) D.

**4.** *Honeywell, Inc. v. United States,* 16 Cl.Ct. 173, 181 (1989), *rev'd on other grounds, Honeywell, Inc. v. United States,* 870 F.2d 644 (Fed.Cir. 1989).

**5.** Transcript of Oral Argument at 9.

**6.** Memo In Support Of Plaintiff's Motion For Preliminary Injunction at 7.

new expanded contract . . . ." [7] A supplemental impact statement further contends that "[i]t is absolutely essential to the success of [the Weapons School] and to the quality of our warriors that courseware development, production and presentation, as well as the contractor aircrew training, does not receive further interruption . . . . This has already degraded our capability to get the job done." [8]

The court must "give due regard to the interests of national defense and national security" when considering bid protests. 28 U.S.C. § 1491(b)(3). There is no specific irreparable injury to SDS, and any harm to SDS is outweighed by the harm that will be suffered by the United States.

### Conclusion

For the above-stated reasons, the temporary restraining order is hereby DENIED.

IT IS SO ORDERED.

---

7. Statement of Facts in Support of Def.'s Opp'n, App. D ¶ 4 (Justification for Continued Contract Performance).

8. Def.'s Opp'n, App. F (Statement of Impact by Colonel Robin Rand, USAF Commandant, Daniel J. Darnell, Brigadier General, USAF Commander, and Stephen G. Wood, Major General, USAF Commander).