MISSISSIPPI DEPARTMENT
OF REHABILITATION
SERVICES, Plaintiff,

v.

The UNITED STATES of
America, Defendant.

No. 03–2038C.

United States Court of Federal Claims.

Originally Filed: Nov. 19, 2003 *.

REISSUED TO BE PUBLISHED
ON Nov. 20, 2003.

Peter A. Nolan, Winstead, Sechrest & Minick, P.C., Austin, Texas, attorney of record for Plaintiff Mississippi Department of Rehabilitation Services.

Andrew P. Averbach, Commercial Litigation Branch, Department of Justice, Washington, D.C., attorney of record for the Defendant. With him on the briefs were David M. Cohen, Director, Donald E. Kinner, Assistant Director, and Peter D. Keisler, Assistant Attorney General. Harriet Wright, Department of the Navy, Office of the General Counsel, of Counsel. David Turner, Department of the Navy, Office of the General Counsel, present at the hearing, for the Defendant.

## OPINION

BASKIR, Judge.

The Plaintiff, Mississippi Department of Rehabilitation Services (MDRS), brings this pre-award bid protest against the Department of the Navy alleging that the Navy has failed to afford blind persons the priority they are due under the Randolph–Shepard Act, 20 U.S.C. § 107 et seq., (RS Act) in solicitation No. N00140–03–R–1763.

---

* This Opinion was originally filed on November 19, 2003. It is being reissued in order to be published. No substantive changes were made.

The Defendant moved to dismiss the Plaintiff's complaint pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). The Defendant argues first, that challenges to the terms of a solicitation are appropriately brought prior to the close of the solicitation not, as in this case, after bidding had closed. The Government also argues that MDRS lacks standing to pursue its claims.

On November 19, 2003, the Court held a telephonic hearing to address the Defendant's Motion to Dismiss, among other matters. **After discussing the Government's Motion in detail, the Court denied the Government's Motion to Dismiss. This Order confirms the Court's ruling and states the reasons.**

**The Parties were requested to telephone the Court with a briefing schedule by Friday, November 21, 2003, for future proceedings in this matter. Also at the hearing, the Government's attorney confirmed that the Navy will not take action on the bids pending resolution of this litigation.**

### Discussion

RCFC 12(b)(6) governs dismissal for failure to state a claim upon which relief can be granted. In evaluating a motion to dismiss made under 12(b)(6) the Court presumes all factual allegations in the complaint to be true and draws all reasonable inferences in favor of the nonmoving party. *See e.g., Beure–Co. v. United States,* 16 Cl.Ct. 42 (1988).

MDRS operates as a State Licensing Agency (SLA) of blind licensees under the RS Act. The Navy's solicitation is for an award of a food services support contract at the Meridian, Mississippi Naval Air Station and contains a small-business set aside which the Defendant argues precludes the application of the RS Act. The solicitation is silent with regard to the RS Act. The facts show that there has been a considerable history between the MDRS and the contracting officer (CO) about the applicability of the RS Act to this facility, indeed going back to 1998. This correspondence continued as the existing contract was expiring and the Navy prepared for a new solicitation.

The correspondence between MDRS and the Navy's CO, Mr. O'Sullivan, illustrates the ambiguity surrounding whether or not the RS Act would apply to this solicitation. The CO stated, in a letter dated May 22, 2003, that the RS Act would not apply to the forthcoming solicitation. On July 17, 2003, the Navy began soliciting proposals. MDRS responded in writing on August 7, 2003, enclosing a letter from the Department of Education, which administers the RS Act, supporting their view that the RS Act applied to the solicitation and requesting clarification regarding the terms of the solicitation. The CO did not respond to this letter. Mr. O'Sullivan chose to be on vacation during the pendency of the request for proposals, leaving the Plaintiff in doubt as to the Navy's position.

On August 18, 2003, the closing date, MDRS submitted a bid pursuant to the solicitation. It was not until August 29, 2003, that Mr. O'Sullivan sent a letter answering MDRS's August 7th request for clarification and rejecting MDRS's bid and their argument based upon the Department of Education's letter. This protest was filed on September 3, 2003, before the Plaintiff received the August 29, 2003, letter. The Navy has taken no action in the bids pending resolution of this litigation.

### Timeliness:

■ The Government urges the Court to adopt the General Accounting Office (GAO) timeliness rule which would bar protests to the terms of a request for proposals, unless filed prior to the close of bidding. The portion of the Tucker Act, 28 U.S.C. § 1491(b), which grants this Court its jurisdiction over bid protests, does not limit the time in which a protest may be brought:

> Both the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded.

The Government urges this Court to adopt the General Accounting Office (GAO) bid protest rule, codified at 4 C.F.R. § 21.2(a)(1):

> Protests based upon alleged improprieties in a solicitation which are apparent prior to

bid opening or the time set for receipt of initial proposals shall be filed prior to bid opening or the time set for receipt of initial proposals.

The GAO's rule imposes limits on when it may give advisory opinions. This is not the same as this Court's authority to issue temporary restraining orders or permanent injunctions. The Court's four factor test for determining whether or not to award a temporary restraining order or preliminary injunction considers the public interest and the potential injury to both parties. *See, e.g., Cincom Sys. v. United States,* 37 Fed.Cl. 266, 268 (1997). Included within this analysis would be any delay in filing the bid protest. In this approach delay becomes an element in the consideration of appropriate remedy, rather than a jurisdictional bar.

Moreover, since the Court is exercising equitable powers in resolving bid protests, the doctrine of laches would be available. Laches, of course, requires not only an unreasonable and unexcused delay in bringing the claim, but also a showing of material prejudice to the Defendant from the delay, elements absent from the Government's proposed rule. *See Advanced Cardiovascular Sys. v. SciMed Life Sys.,* 988 F.2d 1157, 1161 (Fed.Cir.1993). When a limitation on the time period for bringing a suit has been set by statute, as it has been here, laches will generally not be invoked to shorten that period. *Id.* And, finally, the proposed bar is total—it precludes any consideration of the Plaintiff's claims, including any founded on illegality or bar faith.

The alternate approach avoids creating a jurisdictional barrier where the balance of equities would not favor it and comports with the statutory language that allows this Court to have jurisdiction over post-award bid protests. This is consistent with apparent Congressional intent. The Administrative Dispute Resolution Act of 1996, Pub.L. No. 104–320, §§ 12(a), 12(b), 110 Stat. 3870, 3874 (1996), amended the Tucker Act to vest this Court with post-award bid protest jurisdiction concurrent with that of the federal district courts. *See Allied Tech. Group v. United States,* 39 Fed.Cl. 125, 131 (1997). It is by no means clear that the Court has the authority to limit its statutory jurisdiction any more than it has the authority to broaden its jurisdiction.

■ Even if the Court were obligated to follow the GAO rule, the initial question is whether or not the alleged impropriety of the Navy's failure to apply the RS Act was apparent prior to the time set for receipt of initial proposals. The solicitation, as we stated, mentions the applicability of the Small Business Act, but is silent with regards to the RS Act.

The GAO has opined that a solicitation may include "a 'cascading' set of priorities or preferences whereby competition is limited to small business concerns and the SLA." *See* GAO Opinion B–290925, October 23, 2002. Further, case law has contemplated that a solicitation may include a small business limitation and still allow a SLA to apply and be afforded priority under the RS Act. *See North Carolina Div. of Servs. for the Blind v. United States,* 53 Fed.Cl. 147 (2002) (*NCDSB*).

The case the Government cites for its policy arguments in support of the GAO rule clearly states that the only method by which a potential RS Act bidder could "find out whether its proposal would be accepted (either under the rules governing small business set-asides or under the application of the Randolph Sheppard Act) was to submit a proposal and then challenge any rejection of that proposal prior to the deadline for receipt of all proposals or at the very least, prior to contract award." *NCDSB v. United States,* 53 Fed.Cl. 147, 165 (2002).

This presupposes, of course, that the Government acts to disqualify the bid in a timely manner. Another case the Government cites states that "the protestor must file its protest before the receipt of proposals or at the latest before the award." *EDP Enterprises, Inc. v. United States,* 56 Fed.Cl. 498, 500 (2003). This is what MDRS did. Under *NCDSB's, EDP's,* and our view MDRS's challenge was timely. Indeed, any earlier filing would meet a ripeness defense. The cases cited by the Defendant serve to undermine its argument and clearly support this ruling.

The Government supports its view by bringing up the prior interaction between MDRS and the Navy regarding a similar solicitation. The disagreement between the Navy and MDRS regarding a solicitation in 1998 has no bearing on the instant matter, and could hardly be the basis for objecting to the 2003 request for proposals.

*Standing:*

■ The Government also argues that MDRS lacks standing to bring this bid protest. Once again, the case the Defendant cites for the proposition that MDRS lacks standing to pursue its claims, *NCDSB*, stands for quite a different proposition. 53 Fed.Cl. 147 (2002). The Defendant quotes *NCDSB* for the proposition that a bidder does not have standing if it lacks "a substantial chance of receiving the challenged award." *Id.* at 168. In *NCDSB* Judge Bush found that because the Plaintiff, in that case, was not in the competitive range it did not have a substantial chance of receiving the challenged contract award. *Id.* at 160. As a result the Plaintiff was found to lack a "direct economic interest" in the outcome of the award, and, therefore, lacked standing under the Tucker Act. *Id.*

Here the Government does not allege that MDRS was outside the competitive range. Rather it contends MDRS was legally precluded from winning the award because the Navy was not required to apply the RS Act to this solicitation. That legal question is within the province of this Court and has yet to be decided, presumably in a Motion for Summary Judgment on the Administrative Record. MDRS as a bidder has standing to challenge the Navy's legal position upon which its bid was disqualified.

In conclusion, for the aforementioned reasons, **the Government's Motion to Dismiss is denied.**

**IT IS SO ORDERED.**