# United States Court of Appeals
## For the First Circuit

---

No. 01-2037

WILFRID RACE,

Plaintiff, Appellant,

v.

PEDRO A. TOLEDO-DAVILA, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Jane A. Becker-Whitaker for appellant.
Leticia Casalduc Rabell, Assistant Solicitor General, with whom Roberto J. Sanchez Ramos, Solicitor General, and Vanessa Lugo Flores, Deputy Solicitor General, were on brief, for appellees.

---

June 4, 2002

---

Per curiam. Appellant Wilfrid Race claims that the district court improperly refused to award him attorney's fees in an action under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. We find no error. The court correctly concluded that appellant was not a prevailing party for purposes of the ADA's fees provision, see id. at § 12205, and thus was not entitled to recover legal expenses.

This action arose from appellant's encounter with Puerto Rico police officers who stopped his car because it did not have a valid registration sticker. Appellant had not yet renewed his registration because he was in the process of contesting a ticket he had received for parking in a handicapped space without a Puerto Rico permit. He could not obtain the new registration until that dispute was resolved. Appellant is, in fact, disabled, and his vehicle displayed a handicap permit issued in Ontario, Canada.

Appellant filed suit in federal court claiming a violation of the ADA and related commonwealth law, and asking that the police be enjoined from stopping and arresting him for driving with an expired registration sticker. The district court granted appellant's motion for a preliminary injunction and temporary restraining order, and a short time later the Puerto Rico administrative process ended in his favor. Appellant then moved for a voluntary dismissal of his federal complaint. Following the dismissal, appellant filed the request for fees that is the subject of this appeal.

Our review is for manifest abuse of discretion. Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 292 (1st Cir. 2001). Although fee awards for prevailing parties are "virtually obligatory," see id. at 293, the invariable prerequisite is that one must, in fact, "prevail." Contrary to appellant's suggestion, one does not qualify as a "prevailing party" simply by obtaining a change in the status quo. Rather, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties . . . ." Id. (emphasis added) (quoting Farrar v. Hobby, 506 U.S. 103, 111 (1992)).

This case never progressed to the merits of appellant's ADA claim, even in a prefatory way. Cf., e.g., Coalition for Basic Human Needs v. King, 691 F.2d 597, 601 (1st Cir. 1982) (awarding attorney's fees for plaintiffs who obtained injunction pending appeal where the court "made its decision only after careful consideration of the [plaintiff's] legal claims"). Although issuance of a preliminary injunction typically involves a review of the merits to determine whether the requesting party is likely to succeed on his claim, see EF Cultural Travel BV v. Explorica, Inc., 274 F.3d 577, 581 (1st Cir. 2001), the district court confirmed that it intended merely "to safeguard Plaintiff's rights under the ADA while he was exhausting his administrative remedies under state law." The court went on to state explicitly that it did not address the merits of plaintiff's claim.

The record underscores the absence of substantive review; the case ended at appellant's request before any action was taken on defendants' motion to dismiss, which asserted that the complaint failed to state a viable claim of disability discrimination.[*]

In sum, an individual may be entitled to attorney's fees "without having obtained a favorable 'final judgment following a full trial on the merits,'" Hanrahan v. Hampton, 446 U.S. 754, 756-57 (1980) (per curiam) (quoting H.R. Rep. No. 94-1558, at 7 (1976)), but he must obtain relief based "'on the merits of at least some of his claims,'" id. at 758 (quoted in Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 603 (2001)). Appellant did not reach that threshold, and the district court consequently did not err in refusing a fee award.

---

[*] Although the complaint does not specify, we presume that appellant brought his claim under Title II of the ADA, which prohibits discrimination against persons with disabilities by "public entities," which includes "any department, agency, special purpose district, or other instrumentality of a State or States or local government." See Parker v. Universidad de Puerto Rico, 225 F.3d 1, 4 & n.1 (1st Cir. 2000) (quoting 42 U.S.C. § 12131(1)(B)). To succeed with a Title II claim, a plaintiff must establish:

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

Id. at 5.

Affirmed.