Vacated by Supreme Court, May 24, 2004

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MICHEAL LEE SPENCER, SR.,
          *Plaintiff-Appellant,*

v.

BELINDA EASTER, LPN/BCC Nurse;
JULIA LAFOON, RN/BCC Nurse
Supervisor; MS. ISRAEL, LPN/BCC
Nurse; R. C. WALKER, BCC
Institution Investigator; MRS.
HARRIS, LPN/BCC Self-Medication
Supervisor; S. MACLIN; JOHN DOE;
JANE DOE, BCC Nurse/Pill Call,
          *Defendants-Appellees.*

No. 02-7722

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-01-1579-AM)

Submitted: August 9, 2004

Decided: September 21, 2004

Before LUTTIG and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Micheal Lee Spencer, Sr., Appellant Pro Se. Maureen Riley Matsen,
William Eugene Thro, Philip Carlton Hollowell, OFFICE OF THE

ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia; Michael Eugene Ornoff, ORNOFF & ARNOLD, PC, Virginia Beach, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

This case is on remand from the United States Supreme Court for "further consideration in light of *Tennessee v. Lane*," 541 U.S. ___, 124 S. Ct. 1978 (2004). Micheal Lee Spencer appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2000) action. For the reasons discussed below, we affirm.

On appeal, the majority of Spencer's claims stem from the fact that he did not receive timely refills of his prescription drugs on several occasions. Although the case basically arises under § 1983, Spencer also ostensibly raised claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. The district court dismissed Spencer's claims under the Rehabilitation Act on the ground that he "fail[ed] to explain in even the broadest terms how the named defendants violated that act." The court dismissed Spencer's ADA claims on the ground that the Defendants may not be subject to individual liability under Title II of the ADA and the Defendants are entitled to Eleventh Amendment immunity in their official capacities. We initially affirmed the district court's order "for the reasons stated by the district court." Following our review of *Tennessee v. Lane*, we now affirm the district court's denial of Spencer's ADA claims on the ground that he failed to establish a prima facie case under the ADA.

In *Tennessee v. Lane*, the Supreme Court considered whether the enactment of the ADA, as it applies to cases implicating the fundamental right of access to the courts, constitutes a valid exercise of

Congress's authority under the enforcement provision of the Fourteenth Amendment. 124 S. Ct. at 1994. In that case, George Lane and Beverly Jones, two paraplegics who use wheelchairs for mobility, filed suit against the State of Tennessee and several counties claiming that they were denied access to courtrooms that lacked elevators. The State of Tennessee moved to dismiss the suit on the ground that states are immune from such claims under the Eleventh Amendment. The district court denied the motion to dismiss, and the Sixth Circuit affirmed. *Id.* at 1982-83. The Supreme Court granted certiorari and affirmed the Sixth Circuit's decision, finding that the ADA properly gives private citizens such as Lane and Jones the power to sue a state for damages if the state fails to provide access to its courts. *Id.* at 1993-94.

The Supreme Court did not, however, decide whether the statutory abrogation of sovereign immunity was constitutional with regard to non-fundamental rights. After finding that the abrogation was valid as applied to the fundamental right of access to the courts, the Supreme Court stated that it "need go no further." *Id.* at 1993. Thus, it appears that the actual holding is fairly narrow and is limited "to the class of cases implicating the fundamental right of access to the courts." *Id.* at 1994. We therefore note that it is relatively unclear at this point to what extent the case will be applied to other public services, activities, and programs.

We need not address, however, whether the Defendants are entitled to Eleventh Amendment immunity in this case because Spencer clearly fails to state a claim under the ADA. To establish a prima facie case under Title II of the ADA, Spencer must show: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. *See Race v. Toledo-Davila*, 291 F.3d 857, 858 n.* (1st Cir. 2002); *Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999). Because there is no evidence in the record to suggest that any failure by the Defendants to obtain Spencer's medication in a timely manner stemmed from any discriminatory intent due to any alleged disability, we find that Spencer fails to establish a prima facie claim under the ADA. *See Bryant v. Madigan*, 84 F.3d

246, 249 (7th Cir. 1996) (holding that the ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. No discrimination is alleged; Bryant was not treated worse because he was disabled.").

   Accordingly, we affirm the district court's denial of Spencer's ADA claims on the ground that he has failed to establish a prima facie case under the ADA. We affirm the district court's denial of the remainder of Spencer's claims on the reasoning of the district court. *See Spencer v. Easter*, No. CA-01-1579-AM (E.D. Va. filed Oct. 24, 2002 & entered Oct. 25, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*