**ADVANCED SYSTEMS TECHNOLOGY, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 05–1167C.**

United States Court of Federal Claims.

Jan. 23, 2006.

Lawrence P. Block, Stinson, Morrison & Hecker, LLP, 1150 18th Street, N.W., Washington, DC, for Plaintiff.

Kenneth D. Woodrow, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, 1100 L Street, N.W., Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER ENTERING PRELIMINARY INJUNCTION

WILLIAMS, Judge.

This pre-award bid protest raises a novel issue about the extent to which the Small Business Administration (SBA) must permit potential bidders to participate in its appeal proceedings challenging the small business code designation in a solicitation.[1] Plaintiff claims that it was rendered ineligible to bid as a small business on two solicitations as a result of SBA proceedings in which it did not participate and alleges violations of its Constitutional due process rights, the Administrative Procedure Act (APA) and SBA regulations.

Plaintiff, Advanced Systems Technology, Inc. (AST), currently serves as the incumbent contractor on two United States Army contracts supporting the Training and Doctrine Command Analysis Centers (TRAC) at Ft. Levenworth, Kansas and the White Sands Missile Range, New Mexico. A competing bidder filed a successful appeal of the small business size code designations in the follow-on solicitations, and Plaintiff did not have an opportunity to participate in those appeal proceedings at SBA's Office of Hearings and Appeals (OHA). AST later filed its own appeals of these size code determinations, but OHA dismissed them without considering AST's arguments on grounds that it had already considered all potential NAICS codes for these solicitations. Plaintiff asks the Court to vacate SBA's decisions changing the NAICS code provisions and dismissing its appeals and to remand the matter to

OHA, instructing OHA to consider AST's views on the proper NAICS code designations. Because the changes in the NAICS codes render Plaintiff ineligible to compete as a small business, it seeks an injunction preventing award under these solicitations using the current NAICS codes.

In response to AST's application for a temporary restraining order and motion for a preliminary injunction, the Army agreed to stay the award under solicitation W91QF4–05–R–0008 (008) and the closing date for receipt of proposals under solicitation W91QF4–05–R–0011 (0011) until January 23, 2006. On January 20, 2006, the Court convened a status conference with the parties, advising them that a statute neither party had addressed appeared to have a bearing on this action. In particular, 5 U.S.C. § 555(b) confers upon any interested person the right to "appear before an agency ... for the determination of an issue, request or controversy in a proceeding ... or in connection with an agency function." The Court authorized further briefing on whether OHA violated this statutory provision in denying AST an opportunity to present its views in the challenged NAICS code appeals.

Because the Army's voluntary stay expires today and because the requisite showing has been made, the Court enters a preliminary injunction to preserve the status quo until the Court rules on the merits.

### *Findings of Fact* [2]

In August 2005, the Army Contracting Agency (ACA), Northern Region Contracting Center issued solicitation 008 for a multiple-award contract, a follow-on solicitation for work currently being performed by AST at Ft. Leavenworth. One award under this solicitation was set aside for small businesses. Under solicitation 008, the Army is procuring studies and analyses in support of TRAC's mission requirements including: operations

---

**1.** SBA uses the North American Industry Classification System (NAICS) to establish size standards governing what entities qualify as small businesses for preferences or eligibility under government programs and procurements. *See generally* 13 C.F.R. §§ 121.101, 121.402.

**2.** These facts are derived from the Administrative Record (AR).

analyses, experimentation, warfighting scenarios, combat modeling and simulations, operational effectiveness analysis, and planning and decisional aids. AR at 64. This solicitation originally carried NAICS code 541710, with a corresponding 500–employee standard for small business. Under this code, AST was eligible to bid on the small business set-aside award as a small business. On August 30, 2005, ACA issued solicitation 0011 for services to be provided in support of TRAC White Sands. The solicitation was limited solely to small businesses and had a NAICS code of 541710 with a corresponding 500–employee size standard. AST was also the incumbent contractor performing these services, and was eligible to bid on solicitation 0011 as a small business.

### Regulatory Framework

#### North American Industry Classification System

The Small Business Act grants SBA the power to establish size standards and other criteria for qualification as a small business. 15 U.S.C. § 632(a)(2)(A). The Act also requires that "[o]ffices of the Government having procurement or lending powers ... accept as conclusive the [SBA's] determination as to which enterprises are to be designated 'small-business concerns.'" 15 U.S.C. § 637(b)(6). SBA's size standards "define whether a business entity is small and, thus, eligible for Government programs and preferences reserved for 'small business' concerns." 13 C.F.R. § 121.101(a). To determine which entities qualify as small business concerns, SBA uses the North American Industry Classification System.[3] *Id.* NAICS codes are assigned to various industry sectors by the Office of Management and Budget.[4] SBA determines which firms qualify as small businesses to assure that a fair proportion of government contracts for goods and services are performed by such entities in each industry category. 15 U.S.C. §§ 637(b)(6), 644(a). To accomplish this,

SBA specifies the maximum number of employees or maximum annual receipts needed for qualification as a small business within a particular NAICS code. 13 C.F.R. § 121.201.

The procuring agency contracting officer (CO) is responsible for selecting "the NAICS code which best describes the principal purpose of the product or service being acquired" in a particular solicitation. 13 C.F.R. § 121.402(b); 48 C.F.R. § 19.303. SBA regulation 13 C.F.R. § 121.402(b) lists the factors the CO is to consider in designating the appropriate NAICS code as follows:

> The procuring agency contracting officer, or authorized representative, designates the proper NAICS code and size standard in a solicitation, selecting the NAICS code which best describes the principal purpose of the product or service being acquired. Primary consideration is given to the industry descriptions in the NAICS United States Manual, the product or service description in the solicitation and any attachments to it, the relative value and importance of the components of the procurement making up the end item being procured, and the function of the goods or services being purchased. Other factors considered include previous Government procurement classifications of the same or similar products or services and the classification which would best serve the purposes of the Small Business Act. A procurement is usually classified according to the component which accounts for the greatest percentage of contract value. Procurements for supplies must be classified under the appropriate manufacturing NAICS code, not under the wholesale trade NAICS code.

The contracting officer's NAICS code designation is final "unless timely appealed to OHA, or unless SBA assigns an NAICS code or size standard ... in connection with a formal size determination or size appeal."[5] 13 C.F.R. § 121.402(c)-(d).

---

**3.** Effective October 1, 2000, the NAICS replaced the previous Standard Industrial Classification (SIC) system. 65 Fed.Reg. 30836 & 30840 (May 15, 2000) (amending 13 C.F.R. § 121.101).

**4.** The NAICS Manual, which includes definitions, tables, and a comprehensive index is available

from the National Technical Information Service at http://www.ntis.gov/yellowbk/1nty205.htm. 13 C.F.R. § 121.101(b).

**5.** SBA may assign a code or size standard where a solicitation contains an "unclear, incomplete

### OHA's Appeal Process for NAICS Code Designations

#### Time Limits

"A NAICS code designation made by a procuring activity contracting officer may be appealed to OHA" within 10 days after the issuance of the initial solicitation. 13 C.F.R. §§ 121.1102, 121.1103(b)(1), 134.304(a)(3). An appeal relating to a solicitation amendment affecting the NAICS code may be filed within 10 days after the issuance of the amendment. 13 C.F.R. § 134.304(a)(3), OHA will summarily dismiss any untimely appeals. 13 C.F.R. §§ 121.1103(b)(1), 134.304(b).

#### Who May Appeal and Receive Service

Appeals from NAICS code designations may be filed by (1) any person adversely affected by a NAICS code designation;[6] (2) the Associate or Assistant Administrator for the SBA program involved, through SBA's Office of General Counsel; or (3) the contracting officer for the affected procurement. 13 C.F.R. §§ 121.402(e), 134.302. Once an appeal is filed, the appellant is required to serve the appeal petition on the contracting officer who made the NAICS code designation, as well as SBA's Office of General Counsel. 13 C.F.R. § 134.305(c). Upon receipt of the appeal petition, the contracting officer is required immediately to send OHA a paper copy of both the original solicitation relating to that procurement and all amendments. 13 C.F.R. § 134.306(b).

#### Contents of the Appeal Petition

There is no required format for an appeal petition, but it must include: (1) the name of the contracting officer who designated the NAICS code, (2) the solicitation or contract number with the name, address, and telephone number of the contracting officer, (3) a "full and specific statement as to why the ... NAICS code designation is alleged to be in error, together with argument supporting such allegations," and (4) the name, address, telephone number, facsimile number, and signature of the appellant or its attorney. 13 C.F.R. § 134.305(a)(1)-(4). OHA may dismiss any appeal petition not containing the required information. 13 C.F.R. § 134.305(e).

#### Responses

Responses to an appeal may be filed by "any person served with an appeal petition, any intervenor, or any person with a general interest in an issue raised by the appeal." 13 C.F.R. § 134.309(a). When the appeal is filed, the judge "will issue a Notice and Order informing the parties of the filing of the appeal petition" and will establish the close of the record as 15 days after service of the Notice and Order.[7] 13 C.F.R. § 134.309(b). All responses to an appeal must be received by OHA by close of the record. *See* 13 C.F.R. § 134.309(b).

#### Intervention

OHA's rule on intervention provides:

Any interested person may move to intervene at any time until the close of record by filing and serving a motion to intervene containing a statement of the moving party's interest in the case and the necessity for intervention to protect such interest. An interested person is any individual, business entity, or governmental agency that has a direct stake in the outcome of the appeal. The Judge may grant leave to intervene upon such terms as he or she deems appropriate.

13 C.F.R. § 134.210(b).

#### Process

The OHA appeal process for NAICS code determinations does not permit discovery or

---

or missing NAICS code designation or size standard." 13 C.F.R. § 121.402(c)-(d).

**6.** An exception applies for a sole source contract reserved under SBA's 8(a) Business Development program. In this instance, "only SBA's Associate Administrator for 8(a) Business Development may appeal the NAICS code designation." 13 C.F.R §§ 121.1103(a), 134.302(b).

**7.** Although SBA regulations allow any interested person to intervene or respond to an appeal, they only require that notice of the appeal be sent to the parties. 13 C.F.R. § 134.309(b). "Party" is defined to include: "the petitioner, appellant, respondent, or intervenor, and the contracting officer." 13 C.F.R. § 134.101. Intervenor is defined as an "interested person" which in turn is defined as "any individual, business entity or governmental agency that has a direct stake in the outcome of the appeal." 13 C.F.R. § 134.210(b).

oral hearings. 13 C.F.R. §§ 134.310, 134.311. The regulations pertaining to NAICS code appeals imply that submission of evidence is permitted, stating: "To the extent the rules in this subpart permit the submission of evidence, the provisions of § 134.223(a) and (b) apply." 13 C.F.R. § 134.312. Section 134.223 provides:

(a) Unless contrary to a particular rule in this part, or an order of the Judge, the Federal Rules of Evidence will be used as a general guide in all cases before OHA.
(b) Hearsay evidence is admissible if it is deemed by the Judge to be relevant and reliable.

In a NAICS code appeal, the standard of review OHA must apply is whether the NAICS code designation was based on "clear error of fact or law," and the "appellant has the burden of proof, by a preponderance of the evidence." 13 C.F.R. § 134.314.

*OHA's Decision*

After close of the record, the OHA Judge is required to issue "a decision containing findings of fact and conclusions of law, reasons for such findings and conclusions, and any relief ordered." 13 C.F.R. § 134.316(a). This decision is final and may not be reconsidered. 13 C.F.R. § 134.316(b)-(c). If this decision is received by the contracting officer prior to the date offers are due, "the solicitation must be amended if the contracting officer's designation of the NAICS code is reversed." 13 C.F.R. § 121.1103(b)(5). If OHA's decision is received by the contracting officer after the due date for initial offers, "the decision will not apply to the pending procurement, but will apply to future solicitations for the same products or services." 13 C.F.R. § 121.1103(b)(5); FAR 19.303(c)(5). There is no further administrative appeal of OHA decisions.

*RhinoCorps' Appeal Regarding Solicitation 008*

On August 19, 2005, RhinoCorps, Ltd. (RhinoCorps) filed an appeal of the NAICS code in solicitation 008, alleging that a more restrictive NAICS code was appropriate. As reflected in an e-mail attached to the Army's response to RhinoCorps' appeal, the contracting officer and the Army's small business utilization specialist supported using the original NAICS code 541710. AR at 996. The e-mail stated:

From a small business view this NAICS would bring in the stronger small businesses to compete that could handle the dollar and complexity of the acquisition, and have both the financial capability and past performance. I have discussed with Deanna McKeel and she concurs with my recommendation to use the 541710 NAICS code.

AR at 996.[8] OHA did not consider this e-mail when deciding RhinoCorps' appeal because the e-mail was not served on Appellant in accordance with 13 C.F.R. § 134.204. *Appeal of RhinoCorps*, SBA No. NAICS–4729 (Sept. 23, 2005), at 4 n. 1; AR at 140. This rule requires service by mail, delivery or facsimile on the parties and a signed certificate of service showing how and when service was effected. 13 C.F.R. § 134.204.

On September 23, 2005, OHA issued a decision changing the NAICS code to 541690 which imposes a $6–million annual receipts standard. Plaintiff is ineligible to bid as a small business under the new code because its annual receipts exceed $6 million. In its decision, OHA considered three possible NAICS codes—the original code designated by the contracting officer, the code proposed by RhinoCorps, and the code ultimately chosen by OHA. OHA determined that the solicitation called for the contractor to provide "consulting services on issues of military policy, doctrine and concepts," and would require the contractor to conduct "studies into the art and science of warfare, and [to support] TRAC in its mission to study warfare." AR at 142–43. Based on this assessment, OHA concluded that NAICS Code 541690, which covers "establishments primarily engaged in providing advice and assistance to businesses

---

**8.** The e-mail was sent from Betty E. Gottschall, Associate Director, Small and Disadvantaged Business Utilization Specialist Northern Region Contracting Center. Deanna McKeel was the Director of Army Contracting for the Northern Region Contracting Center and was the contracting officer's supervisor, and the on-post contracting officer at Ft. Leavenworth. Tr. (Dec. 16, 2005) at 115; Def.'s Supp. at 1 n. 1.

and other organizations on scientific and technical issues" was the most appropriate code for the solicitation. AR at 143. OHA reasoned that the RFP did not require the contractor to conduct research and development itself (as in the code originally assigned by the contracting officer), or to engage in engineering (as in the code urged by Rhino-Corps), but instead "to use engineering and mathematical tools to provide studies and analysis to TRAC on military issues." AR at 143. Accordingly, OHA concluded that neither the contracting officer's code designation, nor the code suggested by RhinoCorps, was the most appropriate code, instead selecting NAICS Code 541690, Other Scientific and Technical Consulting Services. AR at 143.

AST did not receive notice that Rhino-Corps had appealed the assigned NAICS code and did not learn of RhinoCorps' appeal until the solicitation was amended on September 23, 2005. The amendment changed the NAICS code and extended the proposal due date until October 7, 2005. AR at 135.

### AST's Appeal of the NAICS Code in Solicitation 008

On October 3, 2005, AST filed an appeal with OHA protesting the change in the NAICS code claiming the new code did not accurately reflect the work in the solicitation. AST's appeal petition included seven pages of background and argument, as well as four exhibits.[9] AR at 149–65. AST advocated that the appropriate NAICS code for 008 was the original NAICS code designated by the contracting officer. In its appeal, AST cited its experience as the incumbent contractor to argue that a company with less than $6 million in annual revenue (as required by the new code) could not easily support a contract of this size. Further, AST argued that the revised NAICS code was improper because it covered establishments primarily engaged in providing advice and assistance, whereas the services to be procured under the 008 solicitation were "not of a consulting or advisory nature." AR at 152.

On October 14, 2005, OHA dismissed AST's appeal even though it had been timely filed, concluding that in deciding the NAICS code in RhinoCorps' appeal, OHA had already *sua sponte* considered all codes arguably appropriate for the solicitation, including that proposed by Plaintiff and the contracting officer. OHA stated:

> This office has already reviewed this RFP and rendered a decision concerning the appropriate NAICS code for this procurement. This Office's decision specifically rejected the NAICS code Appellant now urges . . . . In response, the CO did not reissue the RFP, but merely amended it to reflect the changed NAICS code designation. This Office's precedent explicitly holds that a decision which determines the correct code for a solicitation controls in the case of later-filed appeals concerning the same solicitation. *Information Ventures, Inc.*, SBA No. SIC–4294, at 4; *SIC Appeal of All Star Maintenance, Inc.*, SBA No. SIC–3308 (1990). To hold otherwise would permit constant relitigation of a solicitation's NAICS Code, as successive potential offerors expressed their unhappiness with the codes determined by this Office's decisions . . . .
>
> Because this office has already issued a decision that the appropriate NAICS code for this RFP is 541690, Other Scientific and Technical Consulting Services, with a corresponding $6 million annual receipts size standard, this decision controls all other appeals of this RFP's NAICS code designation.

Amended Compl., Ex. E. OHA did not consider AST's arguments for reinstating the prior code.

### RhinoCorps' Appeal Regarding Solicitation 0011

On September 8, 2005, RhinoCorps filed an appeal with OHA, challenging the NAICS code in solicitation 0011 and seeking a more restrictive code.

---

9. The exhibits were: A—Amendment of Solicitation/Modification of Contract 008, dated September 23, 2005; B—Performance Work Statement from Contract 008; C—Description of the "5417 Scientific Research and Development Services" Industry Group; and D—The 2002 NAICS code definition for Code 541690 (Other Scientific and Technical Consulting Services).

AST learned through the grapevine that an appeal might have been made and moved to intervene in the appeal on October 5, 2005. OHA denied the motion to intervene on the ground that the record had closed on September 28, 2005. Pl.'s Ex. G. On October 7, 2005, OHA issued a final decision finding that the appropriate code for solicitation 0011 was 541511, a $21–million annual receipts standard. AST is ineligible as a small business under this code. In its decision, OHA considered the services being procured in the solicitation, the NAICS code designated by the contracting officer, the NAICS code recommended by RhinoCorps, and the NAICS code it ultimately chose. OHA concluded that although the solicitation's Performance Work Statement was diverse, the majority of the services involved computer software, modification, testing, or supporting services. AR at 399–400. OHA found NAICS code 541511 (Writing, Modifying, Testing, and Supporting Software) to be most appropriate because this type of expertise "is critical for performance of the contract." AR at 401.

OHA determined that the original code selected by the contracting officer, Code 541710 (Research and Development in Physical, Engineering, or Life Sciences), was inappropriate because it excluded computer skills, which OHA found to be essential to the services being procured. RhinoCorps proposed NAICS code 541330 (Applying Physical Laws and Principles of Engineering in the Design, Development, and Utilization of Machines, Materials, Instruments, Structures, Processes, and Systems). OHA disagreed stating: "This RFP has nothing to do with the application of physical laws and engineering principles .... [and] does not require or suggest the contractor is to use engineering principles to provide what the RFP requires." AR at 398.

### AST's Appeal of the NAICS Code in Solicitation 0011 and Motions for Reconsideration in RhinoCorps' Appeal

On October 17, 2005, Plaintiff filed a timely appeal with OHA challenging the amendment of the NAICS code for solicitation 0011 on

the ground that AST had not been included in the appeal process and that OHA did not consider the true nature of the work being performed in assigning the code determination.

On October 18, 2005, Plaintiff filed a motion for reconsideration of OHA's denial of its motion to intervene in RhinoCorps' appeal and its decision changing the NAICS code. On October 25, 2005, OHA denied the motion for reconsideration stating only that "this Office has no authority to reconsider NAICS code decisions," citing 13 C.F.R. § 134.316(d) and OHA decisions.[10] Pl.'s Ex. L.

On October 24, 2005, AST filed a complaint in the United States District Court for the District of Columbia alleging that OHA's actions violated the APA, 5 U.S.C. § 551 *et seq.,* and the due process clause of the Fifth Amendment. The District Court dismissed AST's complaint for lack of subject matter jurisdiction. *Advanced Systems Tech., Inc. v. Barrito,* No. 05–2080, 2005 WL 3211394 (Nov. 1, 2005). AST filed the instant action on November 1, 2005.

On November 18, 2005, OHA dismissed AST's appeal involving the NAICS code for solicitation 0011, concluding that in deciding the appropriate NAICS code in RhinoCorps' appeal, OHA had already *sua sponte* considered all codes arguably appropriate for the solicitation, including that proposed by Plaintiff and the contracting officer. OHA stated:

> This Office has already reviewed this RFP and rendered a decision concerning the appropriate NAICS code for this procurement. [This Office's] decision specifically rejected the NAICS code Appellant now urges .... In response the PCO amended the RFP to reflect the changed NAICS code designation. This Office's precedent explicitly holds that a decision, which determines the correct code for a solicitation, controls in the case of later-filed appeals concerning the same solicitation. *Information Ventures, Inc.,* SBA No. SIC–4294, at 4; *SIC Appeal of All Star Maintenance, Inc.,* SBA No. SIC–3308 (1990). To hold otherwise would permit constant re-litiga-

---

**10.** 13 C.F.R. § 134.616(d) provides: "The decision in a NAICS code appeal may not be reconsidered."

sidered."

tion of a solicitation's NAICS code, as successive potential offerors expressed their unhappiness with the codes determined by this Office's decisions . . . .

. . . .

Because this Office has already issued a decision that the appropriate NAICS code for the RFP is 541511, Custom Computer Programming Services, with a corresponding $21 million annual receipts size standard, this decision controls all other appeals of this RFP's NAICS code designation.

AR Tab 47.

In dismissing AST's appeal, OHA further stated that it "would reach the same result concerning NAICS code 541710 if [it] were to consider Appellant's appeal on the merits." *Advanced Systems Tech., Inc.*, SBA No. NAICS-4744, Nov. 18, 2005, at 3; AR Tab 47, at 1000.

### *Discussion*

### *Jurisdiction To Review the Challenged OHA Decisions*

█ The Court has jurisdiction over this bid protest pursuant to 28 U.S.C. § 1491(b)(1). With the exception of Plaintiff's Constitutional due process claim, Defendant has conceded that this Court has jurisdiction to review challenged decisions of OHA that affect the award of a contract. Specifically, Defendant states:

> We do not dispute AST's assertion that the Court possesses jurisdiction to consider determinations of the [SBA] that affect the award of a contract to an interested party. *See e.g., Chapman Law Firm v. United States,* 63 Fed.Cl. 25 (2004) (holding that [the] Court possessed jurisdiction to review SBA decision, but that plaintiff's claim was not justiciable); *Mark Dunning Industries, Inc. v. United States,* 60 Fed. Cl. 687 (2004) (remanding case to SBA for determination of whether it would have upheld protest concerning awardee's HUBZone status had it been timely filed); *Three S Contractors[Constructors, Inc.] v.*

*United States,* 13 Cl.Ct. 41, 45 (1987) (pre-ADRA) (reviewing size determination of OHA).

Def.'s Mot'n for Judgment Upon the Admin. Record and Opp. to Pl.'s Mot'n for Permanent Injunction at 3. Defendant correctly acknowledges the Court's jurisdiction. The gravamen of Plaintiff's complaint here is its ineligibility to bid on a solicitation because of the solicitation's NAICS code—this makes the case a classic pre-award bid protest challenging a term of a solicitation—even though that term is the result of a determination by an agency other than the procuring agency. Section 1491(b) of Title 28 expressly grants this Court jurisdiction over actions "objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract."

In addition, AST contends that OHA's decisions dismissing its appeals contravened the APA and regulations "in connection with a procurement." [11] Section 1491(b)(1) also gives this Court jurisdiction in an action "objecting to . . . any alleged violation of statute or regulation in connection with a procurement . . ." The Federal Circuit in *RAMCOR Servs. Group v. United States,* 185 F.3d 1286, 1289 (Fed.Cir.1999) construed this statutory language as follows:

> The operative phrase 'in connection with' is very sweeping in scope. As long as a statute has a connection to a procurement proposal, an alleged violation suffices to supply jurisdiction.

*Accord, Chapman Law Firm,* 63 Fed.Cl. at 33, *aff'd,* 05–5042 (Fed.Cir. Jan. 12, 2006) (recognizing that this court has jurisdiction over a protest premised on an alleged violation of statute or regulation by OHA "in connection with a procurement"). Because the alleged violations of statute and regulation in this pre-award protest have connections to ongoing procurements, this Court has jurisdiction over this action.

### *Jurisdiction Over Constitutional Claims In A Bid Protest*

█ Defendant argues that the Court lacks jurisdiction to resolve alleged violations

---

11. Plaintiff represented that it would rely on Section 555(b) during the January 20, 2006 tele-    phonic conference.

of Constitutional due process in a bid protest. Specifically, Defendant argues that Section 1491(b) grants jurisdiction to this Court to overturn agency action only if it violates a statute or regulation, not agency action that violates a contractor's Constitutional due process rights. Def.'s Supp. at 4–5. This presents an issue of first impression since the codification of this Court's bid protest jurisdiction under the Administrative Dispute Resolution Act (ADRA), 28 U.S.C. § 1491(b)(1). The Tucker Act, as amended by ADRA, confers jurisdiction on this Court, stating:

> [T]he Unites States Court of Federal Claims . . . shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

28 U.S.C. § 1491(b).

The statute's use of the conjunction "or" makes it clear that the Court has jurisdiction over each of the three identified types of actions:

1) an action objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award of a contract, *i.e.*, a pre-award protest, or

2) an action objecting to the award of a contract, *i.e.*, a post-award protest, or

3) an action objecting to any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

28 U.S.C. § 1491(b). *See, e.g., RAMCOR,* 185 F.3d at 1289 (explaining that the "violation of statute or regulation prong" of 28 U.S.C. § 1491(b)(1) provides a grant of jurisdiction separate and apart from "an objection to 'a proposed award or the award of a contract'"). The plain language of the first prong of 1491(b)(1) provides that this Court has jurisdiction over "an action brought by an interested party objecting to a solicitation," without delimiting the legal grounds on which such an objection must be based. *Id.*

As such, a challenge to a solicitation on grounds it is violative of the Constitution is within this Court's bid protest jurisdiction.

### Standing and Justiciability

Defendant argues that AST lacks standing to challenge solicitation 008 and that its protest as to that solicitation is not justiciable because even if OHA were to change the NAICS code such that Plaintiff could qualify as a small business, the FAR mandates that such a change would only apply to future procurements. FAR 19.303(c)(5) provides: "OHA's decision received after the due date of initial offers shall not apply to the pending solicitation but shall apply to future solicitations of the same products and services." The contracting officer amended the solicitation on September 23, 2005, to change the NAICS code as a result of RhinoCorps' appeal and to establish October 7, 2005, as the extended deadline for submission of initial offers. AST filed its appeal on October 3, and initial bids were received on October 7, 2005, thus triggering FAR 19.303(c)(5). Defendant asserts that the Court's fashioning of the relief AST requests with respect to solicitation 008—a new NAICS code—would only apply prospectively and would not affect its status as a small business on the 008 procurement, thereby making this issue nonjusticiable. As the Court of Federal Claims has recognized, a dispute is not justiciable if a court lacks the ability to supply relief. *Chapman Law Firm,* 63 Fed.Cl. at 34; *Mercer v. United States,* 52 Fed.Cl. 718, 722 (2002).

However, Plaintiff here has requested relief which would affect its status as a small business in the 008 procurement. Plaintiff asks that the Court remand the matter to OHA with instructions to have the Army reestablish a new due date for initial offers at a time after OHA considers and rules on AST's appeal. Pl.'s 2d Supp. at 6 n. 2. Because the conduct challenged is a cascading illegality—the OHA process and the resultant NAICS code and its insertion into the solicitation rendering Plaintiff ineligible, Plaintiff seeks injunctive relief to restore the procurement to the status quo ante before it was tainted by OHA's unfair process, and

asks the Court to revise the date for submission of initial offers *nunc pro tunc*. Whether Plaintiff will prevail in obtaining such an injunction need not be resolved in the context of a preliminary injunction. It is sufficient that the Court is capable of fashioning such relief for purposes of establishing justiciability.

For these same reasons AST also has standing to challenge the NAICS code in solicitation 008. Based upon its pleading and requested relief, AST has a substantial chance of award—if the Court were to grant its protest and set a new date for submission of initial offers, Plaintiff would be able to bid as a small business on solicitation 008.[12]

### Standards for Injunctive Relief

■ In deciding whether a preliminary injunction should be issued, a court considers: (1) plaintiff's likelihood of success on the merits; (2) plaintiff's irreparable harm if the court withholds injunctive relief; (3) the balance of hardships to the respective parties; and (4) the public interest. *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed.Cir.1993). No one factor is dispositive, and "the weakness of the showing regarding one factor may be overborne by the strength of the others." *Chapman Law Firm v. U.S.*, 67 Fed.Cl. 188, 190 (2005) (quoting *FMC Corp. v. United States*, 3 F.3d at 427).

### Likelihood of Success on the Merits

■ In considering whether to grant interim injunctive relief pending a final decision on the merits, this Court has recognized that likelihood of success is a flexible factor. *Hospital Klean of Texas, Inc. v. United States*, 65 Fed.Cl. 618, 621 (citing *Magellan Corp. v. United States*, 27 Fed.Cl. 446 (1993) ("It is not fatal to Magellan's effort to obtain an interim relief ... that it cannot demonstrate a significant 'or' strong 'likelihood' of success")).

AST does not request that the Court review the substance of the NAICS code determinations here, but asks the Court to vacate OHA's decisions in RhinoCorps' appeals and its dismissals of AST's appeals and remand the matter to SBA to require SBA to consider its arguments in support of a different code. In urging this relief, AST argues that OHA committed three prejudicial errors: (1) a violation of AST's right to Constitutional due process by failing to afford it an opportunity to be heard;[13] (2) a violation of the APA in failing to consider its views in an agency decisionmaking process; and (3) a failure to follow its own regulations by effectively denying it the right to appeal NAICS code determinations.

In a bid protest action, the Court reviews the defendant's decision under the standards in the APA, 5 U.S.C. § 706; 28 U.S.C. § 1491(b)(4). The APA directs a reviewing court to overturn agency actions that are "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In order to prevail, "[t]he protestor must show by a preponderance of the evidence that the agency's actions were either without a reasonable basis or in violation of applicable procurement law." *Gentex Corp. v. United States*, 58 Fed.Cl. 634, 648 (Fed.Cl.2003) (quoting *Info., Tech. and Applications Corp. v. United States*, 51 Fed.Cl. 340 (2001), *aff'd*, 316 F.3d 1312 (Fed.

---

**12.** There is a suggestion in Defendant's papers that AST's protest as to solicitation 0011 could also be dismissed on standing and justiciability grounds, but the Court finds no legal basis supporting that contention.

**13.** Plaintiff cannot establish that its Constitutional due process rights were violated. AST does not have a protected property or liberty interest in OHA's designation of a NAICS code that would enable it to qualify as a small business in a given procurement. It is well established that there is no Constitutionally protected property interest in a government contract. *ATL, Inc. v. United States*, 736 F.2d 677, 683 (Fed.Cir.1984); *Gonzalez v. Freeman*, 334 F.2d 570, 574 (D.C.Cir. 1964); *see generally Town of Castle Rock, Colorado v. Gonzales*, —— U.S. ——, ——, 125 S.Ct. 2796, 2803, 162 L.Ed.2d 658 (2005). A bidder may have a liberty interest at stake in a procurement when the agency's action, such as a suspension or debarment, is based upon charges of fraud or dishonesty. *ATL*, 736 F.2d at 683; *see also IMCO, Inc. v. United States*, 97 F.3d 1422, 1427 (Fed.Cir.1996) (acknowledging that a contractor has a liberty interest in avoiding damage to its reputation and business caused by a stigmatizing suspension); *Old Dominion Dairy Products, Inc. v. Secretary of Defense*, 631 F.2d 953, 961–62 (D.C.Cir.1980). AST here has not alleged any harm to its reputation by the actions of OHA or the Army.

Cir.2003) (internal citation omitted)). Moreover, AST must show that the error was prejudicial. *Alfa Laval Separation, Inc. v. United States,* 175 F.3d 1365, 1367 (Fed.Cir. 1999).

Plaintiff contends that OHA violated the APA because it was arbitrary and capricious for OHA to refuse to consider the arguments of an interested party in the NAICS code designation proceedings. Section 555(b) of the APA provides in pertinent part:

> So far as the orderly conduct of public business permits, an interested person may appear before an agency or its responsible employees for the presentation, adjustment, or determination of an issue, request, or controversy in a proceeding, whether interlocutory, summary, or otherwise, or in connection with an agency function.

5 U.S.C. § 555(b). Section 555 establishes the minimal procedural requirements for informal adjudication. *Pension Benefit Guar. Corp. v. The LTV Corp., Inc.,* 496 U.S. 633, 655, 110 S.Ct. 2668, 110 L.Ed.2d 579 (1990); *see generally* Ronald J. Krotoszynski, "Taming the Tail That Wags The Dog: Ex Post and Ex Ante Constraints on Informal Adjudication," 56 ADMIN. L. REV. 1057, 1059 (2004) ("The Supreme Court has held that § 555 of the APA provides the APA's procedural blueprint for informal adjudications") (citing *Pension Benefit*). Here, because OHA's appeal procedure is not rulemaking or an on-the-record adjudication, it falls within the rubric of informal agency adjudication. *Id.*; 5 U.S.C. § 551(7); *cf.* 5 U.S.C. § 554. Further, section 555(b) is "universally understood to establish the right of an interested person to participate in an on-going agency proceeding." *Block v. SEC,* 50 F.3d 1078, 1085 (D.C.Cir.1995); *see also Amer. Commc'ns Ass'n v. United States,* 298 F.2d 648, 650 (2d Cir.1962) (stating that an agency's discretionary power over intervention is limited by Section 555(b) which gives any interested person the right to intervene in a proceeding "so far as the orderly conduct of public business permits").

However, "the affirmative grant of the right to appear apparently bestowed by section 555(b) is not blindly absolute, without regard to the status or nature of the proceedings and concern for the orderly conduct of public business." *Akzo N.V. v. U.S. Int'l Trade Comm'n,* 808 F.2d 1471, 1484 (Fed. Cir.1986) (quoting *deVyver v. Warden, U.S. Penitentiary,* 388 F.Supp. 1213, 1222 (M.D.Pa.1974));[14] *see also, Easton Utilities Comm'n v. Atomic Energy Comm'n,* 424 F.2d 847, 852 (D.C.Cir.1970).

In *Nichols v. Bd. of Trs. of Asbestos Workers Local 24 Pension Plan,* 835 F.2d 881, 897 (D.C.Cir.1987), the District of Columbia Circuit articulated factors that courts consider in reviewing agencies' denial of intervention:

> Courts have long accorded agencies broad discretion in fashioning rules to govern public participation and have for the most part permitted denials of requests for leave to intervene when, for example, other parties to the proceeding adequately represent the would-be intervenor's viewpoint or intervention would broaden unduly the issues considered, obstruct or overburden the proceedings, or fail to assist the agency's decisionmaking. As a general rule, however, courts will not rubberstamp a challenged denial based merely upon an assertion of justification, especially if the agency contends simply that intervention would prove impermissibly dilatory or burdensome. Courts willingly overturn challenged denials when the responsible agency, either by failing to fashion equitable procedures or by employing its power in an unreasonably overbroad or otherwise arbitrary manner, has not acted to preserve the participation opportunities of interested persons.

This is not a situation where a member of the public with a generalized interest in good government is seeking to advocate a position

---

**14.** *Akzo* dealt with whether section 555(b)'s provision that a party is entitled to appear personally or with counsel in an administrative proceeding mandated that Akzo "personally," and its in-house counsel, could have access to proprietary information under a protective order. In *Akzo* the Federal Circuit held that section 555(b) did "not mandate disclosure of significant confidential information to in-house counsel and corporate executives of a business competitor—where that information is fully available to outside counsel." *Akzo,* 808 F.2d at 1484.

in an administrative proceeding. Rather, the determination of a NAICS code for a given solicitation carries with it the ability to exclude entities from bidding on a small business set aside procurement—a serious ramification for small businesses which compete in the federal procurement arena. OHA's process as applied here rendered AST ineligible to compete as a small business in two procurements due to changes in the solicitations' NAICS codes without affording it any opportunity to participate.

As the incumbent contractor, AST had both a substantial interest in competing in the procurements and a particularized understanding of the function of the work performed—which is a criterion for assessing the proper NAICS code. The regulation enumerating the factors to be considered in determining NAICS codes provides that *primary* consideration is to be given to four factors including the "function of the goods or services being purchased." 13 C.F.R. § 121.402(b). As the incumbent, AST had a unique perspective on the function of the services being procured—it had been providing the services under predecessor contracts for over eight years. Further, the regulation expressly lists "previous Government procurement classifications of the same or similar services" as an "other" factor to be considered in designating the NAICS code, and AST, as the provider of services under the previous code, was uniquely poised to address that factor. OHA's assertion that it already considered the original code AST would have advocated is not compelling because neither other parties nor the OHA judge could have adequately represented AST's unique viewpoint.[15]

Balanced against AST's interests in being heard are OHA's interests in streamlining its process, not causing undue delay to the agencies which rely on it for NAICS code determinations in ongoing procurements, and not wasting time and resources in revisiting

codes it has already considered. Under OHA's procedure, its consideration of AST's arguments would not likely have taken more than a month. *Cf.* Tr. at 13 (estimating it would take OHA 25 days to complete its consideration of AST's appeal were the Court to order such relief). Hearing AST's position would not have unduly burdened OHA and would likely have assisted its decisionmaking. Section 555(b)'s concern for the "orderly conduct of public business" would not have been compromised by having OHA read and consider AST's written NAICS code appeals before changing the codes and rendering it ineligible.

The Court recognizes that the procedure SBA has adopted for NAICS code appeals is an odd duck in the continuum of administrative adjudications. Although the rules do not permit discovery or an oral hearing, they do have many earmarks of an adversarial adjudicative process—they permit written argument, allocate the burden of proof to the appellant, establish OHA's standard of review as clear error and require OHA to set forth findings of fact and conclusions of law, as well as reasons for such determinations and for any relief ordered. On the other hand, the purpose of a NAICS code appeal is not to determine a bidder's eligibility as a small business *per se* but rather to determine the NAICS code which best comports with the services or product being procured in a given solicitation. As such, the code itself is what drives OHA's decision, not the interests of competing bidders which are affected by the code. In this respect the determination of the code is in rem, not in personam, and an independent OHA judge's assessment of all potentially applicable NAICS codes, including those espoused by a disappointed bidder could arguably be deemed a sufficient representation of a would-be intervenor's viewpoint. These considerations as well as the need for expedited decisionmaking in the NAICS code arena weigh in favor of OHA's

---

**15.** Moreover, in the OHA appeal regarding solicitation 008, no other party advocated the same code as AST since the contracting officer did not participate. OHA did not consider the e-mail from the Army's Associate Director, Small and Disadvantaged Business Utilization Specialist stating that she and the contracting officer rec-

ommended the original code, which AST also advocated, because it would "bring in the stronger small business ... that could handle the dollar and complexity of the acquisition, and have both the financial capability and past performance." AR at 996. OHA did not consider this e-mail because it had not been served on RhinoCorps.

refusal to hear AST's views. Nonetheless, on balance, this Court is persuaded at this juncture that it is likely that AST can establish that OHA failed to comply with 5 U.S.C. § 555(b). OHA's *sua sponte* assessment of all potentially applicable codes did not relieve it of its statutory obligation to permit an interested person to appear before it and present its view. In the words of the *Nichols'* court, OHA here "has not acted to preserve the participation opportunities of interested persons." *Nichols,* 835 F.2d at 897.

AST may also succeed on its argument that OHA's summary dismissal of AST's appeal without considering its views violated the agency's rules by denying it the right to appeal which the rules purport to confer. OHA's rules contemplate that "any person adversely affected by a NAICS code determination" may file an appeal, and "any person with a direct stake in the outcome of the appeal" may intervene. This is not an administrative scheme which precludes participation of a bidder challenging a NAICS code—it expressly permits any entity in AST's position to file an appeal or intervene.[16] The mischief here occurred because the rules do not require that notice of an appeal be given to the class of persons permitted to intervene—effectively eviscerating the right to intervene. The appeal must only be served on the contracting officer and SBA's Office of General Counsel. The OHA judge is required to issue a notice and order informing the "parties" of the appeal. Although an intervenor falls within the definition of party, an entity cannot become a party intervenor unless it files a motion to intervene before the close of the record. How can an entity file a motion to intervene if it does not receive notice of the appeal? Given its lack of notice, AST was deprived of a right to intervene which the rules purport to confer. So too, OHA denied AST the right to have its own appeals considered. OHA's dismissal of AST's timely appeals af-

ter it was prevented from intervening completely denied AST's participation in the process which changed the NAICS codes.

### Irreparable Harm, Balancing the Equities and the Public Interest

Plaintiff will be irreparably harmed if it remains ineligible to bid on these solicitations as a small business because the solicitations contain improper NAICS codes it had no opportunity to challenge. Less harm will inure to third parties. During the pendency of the preliminary injunction, the Army can continue to acquire the services uninterrupted through March 27, 2006.[17] The Court recognizes that the Army must complete its procurement process under solicitation 0011 by that time and will expedite its consideration of the parties' supplemental briefing and its ruling on the merits.

The public interest will be served by preserving the Court's ability to fashion relief should it ultimately determine an illegality occurred. There is an overriding public interest in preserving the integrity of the procurement process. *See Cincom Sys., Inc. v. United States,* 37 Fed.Cl. 266, 269 (1997) (citing *Magellan Corp. v. United States,* 27 Fed.Cl. 446, 448 (1993)).

### Preliminary Injunction Order

1. In accordance with Rule 65(a) of the Rules of the United States Court of Federal Claims, the United States of America, the Army Contracting Agency Northern Region Contract Center, Fort Leavenworth and its officers, agents, servants, employees and representatives, and all persons acting in concert and participating with them respecting the subject procurement, be and they are hereby RESTRAINED AND ENJOINED during the pendency of this action until further order of this Court from awarding contracts pursuant to Solicitation No. W91QF4–05–R–0008 and Solicitation No. W91QF4–05–R–0011 with the current NAICS codes and

---

**16.** It is undisputed that AST qualifies as an interested person under SBA's regulations for both intervention and filing a NAICS code appeal.

**17.** Counsel for Defendant has represented that the contracts under which the Army is currently obtaining these services will expire on March 27, 2006. See AR, Tabs 40 and 45. It is unclear

whether the Army can extend those contracts given limitations in the Service Contract Act or whether it can procure these services under another contractual vehicle after that time. The parties did not request an evidentiary hearing to establish facts bearing on injunctive relief.

from receiving proposals under solicitation 0011. The closing date for receiving proposals under solicitation 0011 is suspended until further order of the Court.

2. Plaintiff shall post a bond, with a surety authorized by the Secretary of Treasury in the amount of $1,000.00, in accordance with RCFC 65 and 65.1. *See* RCFC 65(c), 65.1. Either party may petition the Court to modify the amount of the bond on or before January 26, 2006. If Plaintiff has any questions about the proper procedure for securing a bond, it may contact the Clerk's office at (202) 357–6400.

3. The parties shall file their supplemental briefs on the applicability of Section 555(b) by **January 27, 2006.**