ADVANCED SYSTEMS TECHNOLOGY, INC., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 05–1167C.

United States Court of Federal Claims.

Dec. 8, 2006.

Lawrence P. Block, Stinson, Morrison & Hecker, LLP, Washington, D.C., for Plaintiff.

Kenneth D. Woodrow, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., for Defendant.

## OPINION AND ORDER DENYING PLAINTIFF'S FEE APPLICATION

WILLIAMS, Judge.

This matter comes before the Court on Plaintiff's Motion for Fees and Expenses filed pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 *et seq.* Through its motion, Plaintiff requests attorney's fees and costs incurred in its pre-award bid protest challenging rulings of the Small Business Administration Office of Hearings and Appeals (OHA) in size determination appeals. Plaintiff's underlying bid protest raised a novel issue about the extent to which OHA must permit potential bidders to participate in its appeal proceedings challenging the small business code designation in a solicitation.[1] Plaintiff claimed that it was rendered ineligible to bid as a small business on two solicitations as a result of SBA proceedings in which it did not participate and alleged violations of its Constitutional due process rights, the Administrative Procedure Act (APA), and SBA regulations. Plaintiff argues that because this Court issued a preliminary injunction to preserve the status quo in the procurements at issue until the Court could rule on the merits, Plaintiff was a "prevailing party" under EAJA. However, because the preliminary injunction did not materially alter the legal relationship of the parties, the entry of this interim relief did not render Plaintiff a prevailing party for EAJA purposes. Further, before the Court addressed the merits of the protest, the parties filed a joint motion for remand to OHA. On remand, OHA reconsidered the size appeals and considered Plaintiff's views, but

afforded Plaintiff no relief in the procurements at issue. The Court dismissed the action at the request of Plaintiff. Because the remand directing OHA to consider Plaintiff's views in the size appeals was solely the result of an agreement of the parties, not an adjudication by the Court, and because Plaintiff secured no relief on remand, Plaintiff was not a "prevailing party." As such, Plaintiff is not entitled to fees and costs under EAJA.

### Background[2]

Plaintiff, Advanced Systems Technology, Inc., was the incumbent contractor on two United States Army contracts supporting the Training and Doctrine Command Analysis Centers (TRAC) at Fort Levenworth, Kansas and the White Sands Missile Range, New Mexico. A competing bidder filed a successful appeal of the small business size code designations in the follow-on solicitations, and Plaintiff did not have an opportunity to participate in those appeal proceedings at OHA. Plaintiff later filed its own appeals of these size code determinations, but OHA dismissed them without considering Plaintiff's arguments on grounds that it had already considered all potential NAICS codes for these solicitations. Plaintiff asked the Court to vacate SBA's decisions changing the NAICS code provisions and dismissing its appeals and to remand the matter to OHA, instructing OHA to consider Plaintiff's views on the proper NAICS code designations. Because the changes in the NAICS codes rendered Plaintiff ineligible to compete as a small business, it sought an injunction preventing award under the solicitations using the then current NAICS codes.

In response to Plaintiff's application for a temporary restraining order and motion for a preliminary injunction, the Army agreed to stay the award under solicitation W91QF4–05–R–0008 (0008) and to delay the closing date for receipt of proposals under solicita-

---

1. SBA uses the North American Industry Classification System (NAICS) to establish size standards governing what entities qualify as small businesses for preferences or eligibility under Government programs and procurements. *See generally* 13 C.F.R. §§ 121.101, 121.402.

2. Only a summary of the facts relevant to Plaintiff's EAJA application are provided herein. The facts were discussed in greater detail in *Advanced Sys. Tech., Inc. v. United States,* 69 Fed.Cl. 474 (2006). Additional background comes from the parties' papers and the administrative record of the underlying bid protest.

tion W91QF4–05–R–0011 (0011) until January 23, 2006. On January 20, 2006, the Court convened a status conference with the parties, advising them that a statute neither party had addressed appeared to have a bearing on the action. The Court cited 5 U.S.C. § 555(b) which confers upon any interested person the right to "appear before an agency ... for the determination of an issue, request or controversy in a proceeding ... or in connection with an agency function." The Court authorized further briefing on whether OHA violated this statutory provision in denying Plaintiff an opportunity to present its views in the challenged NAICS code appeals. Because the Army's voluntary stay was set to expire on January 23, 2006, and because the requisite showing had been made, the Court entered a preliminary injunction on January 23, 2006, to preserve the status quo until the Court could rule on the merits. The Court enjoined the Army during the pendency of the action from awarding a contract pursuant to Solicitation 0008 with the current NAICS code and from receiving proposals under Solicitation 0011. *Advanced Sys. Tech., Inc. v. United States,* 69 Fed.Cl. 474, 486 (2006). This Court, in granting Plaintiff's request for a preliminary injunction, stated:

> [O]n balance, this Court is persuaded at this juncture that it is likely that AST can establish that OHA failed to comply with 5 U.S.C. § 555(b). OHA's *sua sponte* assessment of all potentially applicable codes did not relieve it of its statutory obligation to permit an interested person to appear before it and present its view. In the words of the *Nichols'* court, OHA here 'has not acted to preserve the participation opportunities of interested persons.'

*Advanced Sys. Tech., Inc.,* 69 Fed.Cl. at 486 (quoting *Nichols v. Bd. of Trs. of Asbestos Workers Local 24 Pension Plan,* 835 F.2d 881, 897 (D.C.Cir.1987)).[3]

On January 30, 2006, before the Court addressed the merits of Plaintiff's protest, the parties filed a joint motion for entry of a remand. The joint motion was granted by a January 31, 2006 Order which stated:

1. SBA–OHA's orders dated October 14, 2005 and November 18, 2005, dismissing Advanced Systems Technology Inc.'s (AST) appeals of the NAICS codes in Solicitation No. W91QF4–05–R–0008 and Solicitation No. W91QF4–05–R–0011, respectively, are vacated.

2. SBA–OHA shall consider AST's appeals of October 3, 2005 and October 17, 2005 upon the merits and shall also consider any supplemental submission made by AST within seven (7) business days of the date of this Order. AST shall serve any supplemental submissions as required by 13 C.F.R. § 134.305(c). Upon receipt of AST's supplemental submissions, if any, the Government will provide notice to all interested parties on Solicitation No. W91QF4–05–R–0008 and Solicitation No. W91QF4–05–R–0011, of the pendency of AST's appeals and shall provide all interested parties the opportunity to intervene in such proceedings before the close of the record. The Government shall provide AST's counsel with a copy of such notice upon its issuance.

. . . .

6. The preliminary injunction entered in this action on January 23, 2006, is modified as follows:

  (a) The Army Contracting Agency Northern Region Contract Center, Fort Leavenworth shall not award any contract pursuant to Solicitation No. W91QF4–05–R–0008, until at least seven (7) business days from the date upon which SBA–OHA transmits to counsel of record in this action the final decision in AST's appeal of the NAICS code for Solicitation No. W91QF4–05–R–0008.

  (b) The Army Contracting Agency Northern Region Contract Center, Fort Leavenworth shall extend the bid response date under Solicitation No. W91QF4–05–R–0011, TRAC–WSMR to at least seven (7) business

---

3. This Court also found that Plaintiff might succeed on its argument that OHA's summary dismissal of Plaintiff's appeal without considering its views violated the agency's rules by denying it the right to appeal.

days from the date upon which SBA–OHA transmits to counsel of record in this action a final decision in AST's appeal of the NAICS code for Solicitation No. W91QF4–05–R–0011.

. . . .

8. Pursuant to RCFC 56.2(b)(4), AST shall, within five (5) business days after SBA–OHA's transmission of a decision pursuant to RCFC 56.2(b)(3), file with the Clerk of Court a notice indicating whether it wishes to dismiss its complaint in this action with prejudice, or whether further proceedings before the Court are deemed required, and, if such proceedings are desired, what those proceedings should be. . . .

Order Granting Joint Motion for Remand Pursuant to RCFC 56.2 and Modifying Preliminary Injunction at 1–3 (Jan. 31, 2006).

Plaintiff did not prevail at OHA on remand. With respect to Solicitation No. W91QF4–05–R–0011, OHA held:

[Plaintiff] argues that a research and development NAICS code is appropriate for the . . . solicitation.

. . . .

On August 30, 2005, the Army issued solicitation 0011 for service to be provided in support of TRAC White Sands. The solicitation was limited solely to small businesses and has a NAICS code of 541710 with a corresponding 500–employee size standard . . . [which made Plaintiff] eligible to bid on solicitation 0011 as a small business.

. . . .

On September 8, 2005, RhinoCorps [another government contractor], filed an appeal with OHA, challenging the NAICS code in solicitation 0011 and seeking a more restrictive code.

. . . .

OHA determined that the original code selected by the contracting officer, Code 541710 (Research and Development in Physical, Engineering, or Life Sciences), was inappropriate because it excluded computer skills, which OHA found to be essential. . . .

[T]he *NAICS Manual* definition of code 541710 (Research and Development) does not encompass the work to be performed under the instant solicitation.

The solicitation does not require either laboratory or physical research. . . .

Accordingly, . . . the *NAICS Manual* . . . precludes using code 541710.

. . . .

The appeal is DENIED.

*Advanced Systems Technology, Inc. v. Department of the Army*, SBA No. NAICS–2006–02–09–13 at *1, 4, 5, 20 (Mar. 27, 2006). With respect to Solicitation No. W91QF4–05–R–0008, OHA held:

This case is before me because Plaintiff was denied the opportunity to argue before SBA–OHA that NAICS code 541710 (Research and Development in the Physical, Engineering, and Life Sciences) was the correct code for this procurement.

. . . .

In [its] response, the Army argue[s] that NAICS code 541690 (Other Scientific and Technical Consulting Services) [was] correct for the set-aside portion of the procurement. In its response, [Plaintiff] argued that NAICS code 561210 (Facilities and Support Services) [was] correct.

. . . .

On March 28, 2006, I reopened the record in order to receive additional evidence and argument addressing five issues, two of which were specific to NAICS code 561210.

. . . .

Appellant now agrees that to determine the proper NAICS code, the contracting officer must use the proper NAICS code that describes the work in just the set-aside portion of the procurement, not the entire procurement. Appellant's original argument for NAICS code 541710 was premised on the belief that the proper NAICS code is the one for all of the work required in the entire procurement, not just the work in the set-aside portion.

Appellant now accepts NAICS code 541690 for the set-aside portion of the procurement, which is the NAICS code presently in the solicitation. [Footnote omitted].

Thus, Appellant has abandoned its original argument for NAICS code 541710.

Because there is no longer a dispute as to the proper NAICS code, there is no issue for me to decide, and the appeal . . . . is DISMISSED.

*Advanced Systems Technology, Inc. v. Department of the Army*, SBA No. NAICS–2006–02–09–12 at *1, 3, 4 (Apr. 13, 2006). In light of OHA's decisions, Plaintiff sought dismissal of its complaint in this action, stating "[t]here are no further procedural matters that Plaintiff wishes to challenge related to [the] Solicitations. . . . At this time, Plaintiff wishes to dismiss its complaint with prejudice." Pl.'s "Line Pursuant to Order Granting Joint Motion for Remand Pursuant to RCFC 56.2 and Modifying Preliminary Injunction" (April 27, 2006). On May 10, 2006, the Court dismissed the protest action with prejudice. On June 2, 2006, Plaintiff filed its EAJA application seeking $81,740.23 in attorney's fees and expenses. Pl.'s Mot. at 1.

### Discussion

This case presents the issue of whether Plaintiff can be deemed a prevailing party for EAJA purposes. Several circumstances prevent Plaintiff from attaining prevailing party status. First, the Court's preliminary injunction merely preserved the status quo *pendente lite* and did not materially alter the legal relationship of the parties. Second, Defendant *voluntarily* requested a remand to OHA after the Court entered a preliminary injunction. Third, Plaintiff secured no relief from OHA on remand and remained ineligible to compete in the procurements as a small business. Although Plaintiff was vindicated in its position that OHA wrongly failed to consider its views in the size appeal proceedings, this vindication was achieved not through a court-ordered directive, but through Defendant's agreement to remand the matter to OHA.

The Equal Access to Justice Act authorizes the Court to award attorney's fees, providing:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[4]

The term "prevailing party" is not defined in the Equal Access to Justice Act, however, the Supreme Court interpreted this term as it is used in the Fair Housing Amendments Act (FHAA) and the Americans with Disabilities Act (ADA) in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600–02, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). In *Buckhannon*, the Court rejected the "catalyst theory," which had granted prevailing party status to a plaintiff if it [achieved] the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. *Id.* at 601–02, 121 S.Ct. 1835. The Court rejected the "catalyst theory" because it "allows an award where there is no judicially sanctioned change in the legal relationship of the parties." *Id.* at 605, 121 S.Ct. 1835. Although a defendant's voluntary change in conduct may lead to the resolution that the plaintiff sought in bringing suit, the Court determined that such action lacked the "necessary judicial imprimatur on the change" needed to attain "prevailing party" status. *Id.* Therefore, "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary

---

4. Further, a party that seeks "an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party." 28 U.S.C. § 2412(d)(1)(B). Additionally, under EAJA, a corporate applicant must prove that at the time the lawsuit was filed, its net worth was less than $7 million and that it did not have more than 500 employees. 28 U.S.C. § 2412(d)(2)(B)(ii). Plaintiff's motion was timely filed, and Defendant does not dispute that Plaintiff meets EAJA's net worth and employee size limitations. *See* Pl.'s Mot. at 11 and Ex. F.

change in the defendant's conduct" is not a "prevailing party." *Id.* at 600, 121 S.Ct. 1835.

The United States Court of Appeals for the Federal Circuit has held that the *Buckhannon* definition of "prevailing party" is applicable to EAJA. *Brickwood Contractors, Inc. v. United States,* 288 F.3d 1371, 1378–79 (Fed.Cir.2002) ("there is no basis for distinguishing the term 'prevailing party' in the EAJA from other fee-shifting statutes.... [T]he Supreme Court's construction of [prevailing party] as not allowing for the 'catalyst theory' applies with equal force and effect to the EAJA."); *see also Rice Servs., Ltd. v. United States,* 405 F.3d 1017, 1024–25 (Fed. Cir.2005).

Neither the Federal Circuit nor the Court of Federal Claims has addressed the precise issue of whether a preliminary injunction can imbue a plaintiff with "prevailing party" status for purposes of EAJA. The District of Columbia and Ninth Circuits addressed this issue after *Buckhannon* and found that a preliminary injunction is sufficient in certain circumstances to confer "prevailing party" status under the EAJA. In *Select Milk Producers, Inc.v. Johanns,* 400 F.3d 939, 946 (D.C.Cir.2005), the Court held that the plaintiffs were prevailing parties where a preliminary injunction blocked enforcement of a price regulation that had been improperly issued, thus effecting a court-ordered change in the parties' legal relationship. Similarly, in *Watson v. County of Riverside,* 300 F.3d 1092, 1096 (9th Cir.2002), *cert. denied,* 538 U.S. 923, 123 S.Ct. 1574, 155 L.Ed.2d 313 (2003), the Court found that a preliminary injunction carried the judicial imprimatur necessary to satisfy *Buckhannon.* There, the plaintiff, a former deputy sheriff, alleged that the defendants violated his civil rights in connection with his termination hearing, and the District Court granted a preliminary injunction to prevent the use of a report at the plaintiff's termination hearing. Although the case subsequently became moot, the *Watson* Court determined that the plaintiff was a prevailing party because the defendants had

been prohibited from introducing the report at the termination hearing under the preliminary injunction. *Id.* at 1095.

■ However, these Courts, as well as the First, Third, Fourth, Sixth and Eighth Circuits, have held that when a preliminary injunction only grants temporary relief preserving the status quo, "prevailing party" status is not conferred, because such a preliminary injunction is not a judicially sanctioned material alteration of the parties' legal relationship. *See N. Cheyenne Tribe v. Jackson,* 433 F.3d 1083, 1086 (8th Cir.2006)("Congress intended to permit the ... award of counsel fees only when a party has prevailed on the merits of at least some of his claims. For only in that event has there been a determination of the 'substantial rights of the parties.' ")(quoting *Hanrahan v. Hampton,* 446 U.S. 754, 758, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980)); *John T. v. Del. County Intermediate Unit,* 318 F.3d 545, 558–59 (3rd Cir. 2003); *Dubuc v. Green Oak Township,* 312 F.3d 736, 753–54 (6th Cir.2002); *Race v. Toledo–Davila,* 291 F.3d 857, 858 (1st Cir.2002) (holding that the plaintiff was not a prevailing party where the District Court intended merely to safeguard the plaintiff's rights under the Americans with Disabilities Act while the plaintiff exhausted his administrative remedies, and the District Court did not address the merits of the claim.); *Smyth v. Rivero,* 282 F.3d 268, 276–77 (4th Cir.2002), *cert. denied,* 537 U.S. 825, 123 S.Ct. 112, 154 L.Ed.2d 35 (2002) ("The fact that a preliminary injunction is granted in a given circumstance, then, by no means represents a determination that the claim in question will or ought to succeed ultimately; that determination is to be made upon the deliberate investigation that follows the granting of the preliminary injunction.").

■ In the instant case, the preliminary injunction merely preserved the status quo—holding the procurements in abeyance until the Court decided whether to remand the matter to OHA for its reconsideration.[5] Be-

---

5. In its January 23, 2006 decision, this Court did not conclude that Plaintiff had actually succeeded on the merits of its APA claim but only that Plaintiff could likely establish that OHA failed to

comply with the APA. *Advanced Sys. Tech., Inc.,* 69 Fed.Cl. at 486. The Court cited a statute neither party had raised, 5 U.S.C. § 555(b), and entered preliminary relief to afford the parties an

cause the remand in this action was based upon Defendant's voluntary consent to have OHA reconsider the size appeals, the "catalyst" for the remand was Defendant's consent, not a Court determination. As the Federal Circuit cautioned in *Rice:*

> ... in our view, *Buckhannon* does not allow a court to take what would otherwise be a 'catalyst theory' case and convert it— through language [directing the very remedial action the defendant promised] into a case where the plaintiff is nevertheless accorded 'prevailing party' status. Were we to hold otherwise, the Court's holding in *Buckhannon* could be easily circumvented by any order "directing" a party to take action.

Thus, here, as in *Rice*, the Court's order granting the joint motion for remand and "directing" Defendant to take action merely reaffirmed what Defendant had already voluntarily promised to do, and may not be used to circumvent *Buckhannon*.[6]

### Conclusion

Plaintiff's application for attorney's fees is denied.

---

opportunity to brief the effect of this statute and to preserve the Court's ability to fashion a remedy once it could decide the merits on a full record. Before briefing was complete, the parties filed a joint motion for remand. The filing of this motion effectively mooted the case because Plaintiff secured the procedural relief it sought from this Court—not through an adjudication or judicial determination, but through Defendant's voluntary agreement that OHA would reconsider the size appeals and consider Plaintiff's views.

**6.** Further, in *Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed.Cir.2003), the Court considered whether a remand order to an administrative agency constituted sufficient relief on the merits to deem the party a prevailing party. The Court held that "parties who secure a consent order remanding a proceeding to an administrative agency because of an alleged error on the merits (where the court also retains jurisdiction) are

'prevailing parties' under the EAJA *if they succeed on the merits in the remand proceeding.*" *Id.* at 1361 (emphasis added); *see also Rice Servs., Ltd.*, 405 F.3d at 1025 ("When there is a remand to the agency which remand grants relief on the merits sought by the plaintiff, and the trial court does not retain jurisdiction, the securing of the remand order is itself success on the merits. When there is such a remand, and the trial court retains jurisdiction, the claimant is a prevailing party *only* if it succeeds before the agency.") (emphasis added). Under this precedent, Plaintiff's failure to prevail on remand at OHA is further reason to conclude that Plaintiff is not a prevailing party within the meaning of EAJA.

The Court does not reach the question of whether the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A).